584 P.2d 103 (1978)
In re the MARRIAGE OF Patricia Mae PARKER, Appellant,
Ronald Richard Parker, Appellee.
No. 78-015.
Colorado Court of Appeals, Div. I.
August 24, 1978.
John D. Herron, Denver, for appellant.
Balaban, Lutz & Lobus, John A. Lobus, Denver, for appellee.
BERMAN, Judge.
Patricia Mae Parker (wife) appeals from an order regarding attorney fees incurred by her and her children in this dissolution of marriage and ancillary custody determination proceeding. We affirm the judgment of the trial court in part, and reverse in part.
The wife first challenges the trial court's order requiring her to pay a portion of the fees and costs of an attorney who was appointed by the court pursuant to § 14-10-116, C.R.S.1973, to represent the interests of the parties' four minor children. That statute provides that entry of such an order relative to a child's attorney's fees and costs "shall be made against any or all of the parties; except that, if the responsible party is indigent, the costs, fees, and disbursements shall be borne by the state."
Here, the trial court determined that the wife was indigent. Nevertheless, reasoning that there was no evidence "indicat[ing] that [she was] incapable of working or becoming employed" or of the availability of state funds, the court ordered her to pay $450 of the $1,663.22 awarded to the children's attorney.
However, other than a showing of indigency, the statute establishes no preconditions to relief from responsibility for such *104 fees, and by the statute's terms, upon such a showing such relief is mandatory. Accordingly, the court's ruling was erroneous.
The wife also contends that the court erred in refusing to require the husband, Ronald Richard Parker, to pay her personal attorney's fees.
In contrast to § 14-10-116, C.R.S. 1973, however, the statute governing this issue, § 14-10-119, C.R.S.1973 (1976 Cum. Supp.), confers significant discretion on the trial court, and permits consideration of the financial resources of both parties. Stovall v. Crosby, 171 Colo. 70, 464 P.2d 868 (1970). Particularly in view of the husband's limited income and substantial financial obligations including payment of child support and the children's attorney's fees, see Peercy v. Peercy, 154 Colo. 575, 392 P.2d 609 (1964), we find no abuse of discretion in the court's denial of the wife's motion for attorney's fees.
The judgment is affirmed with respect to the trial court's refusal to require the husband to pay the wife's personal attorney fees and reversed as to the trial court's order directing the wife to pay part of the attorney fees awarded to the children's attorney. The cause is remanded with directions to vacate the judgment entered against the wife for attorney fees, to enter judgment assessing the wife's portion of the children's attorney's fees to the State, and for further proceedings consistent with this opinion.
COYTE and SMITH, JJ., concur.