In the Matter of the ESTATE OF
Carvel FULLER, Deceased.

S.F. and M.F. (Minors), Petitioners–
Appellants,

and

Beverly Ann Fuller, Respondent–
Appellee.

No. 92CA1059.

Colorado Court of Appeals,
Div. III.

Oct. 21, 1993.

JoAnn Ranta, Colorado Springs, for petitioners-appellants.

Gary S. Link, Colorado Springs, for respondent-appellee.

Opinion by Judge TURSI.

S.F. and M.F., minor children of Carvel Fuller, deceased, appeal the determination that they lacked standing to challenge the validity of their father's marriage to respondent, Beverly Ann Armstrong Fuller. We affirm.

Carvel Fuller and respondent married in October 1990 when Carvel was terminally ill. A guardian was appointed for Carvel in January 1991. He died in March 1991, and respondent sought informal probate of Carvel's will. Decedent's children then filed a petition in the estate proceeding for declaration of invalidity of the marriage,

alleging that the marriage was invalid and was, therefore, void pursuant to § 14–10–111(1)(a)(b)(d)(e), C.R.S. (1987 Repl.Vol. 6B).

Section 14–10–111, C.R.S. (1987 Repl.Vol. 6B), as pertinent here, provides:

(1) The district court shall enter its de- cree declaring the invalidity of a marriage entered into under the following circumstances:

(a) A party lacked capacity to consent to the marriage at the time the marriage was solemnized, either because of mental incapacity or infirmity or because of the influence of alcohol, drugs, or other incapacitating substances....

A magistrate decided in July 1991 that the children had standing to challenge the marriage and, after a hearing, declared the marriage invalid and void *ab initio*. That conclusion was initially reduced to writing on October 8, 1991, with the provision that: "This order shall be submitted as an enlarged order within 10 days." On December 10, 1991, the "enlarged order" was entered.

Respondent filed a motion for district court review on November 29, 1991, and a supplemental motion on December 19, 1991. The district court concluded that the motion was timely and, relying upon §§ 14–10–111(2) & 14–10–111(3), C.R.S. (1987 Repl.Vol. 6B), held that the children had no standing, and it entered an order making the matter final for appellate review.

## I.

█ The children first contend that the district court erred holding that respondent's motion for review was timely. We disagree.

A motion to review a magistrate's order must be filed "no later than fifteen days subsequent to the date of the order." C.R.M. 6(e)(2).

Here, respondent's motion was timely filed within fifteen days after the final and complete order was entered on December 10, 1991. We are not persuaded that the time for review began in July 1991 when the magistrate ruled from the bench on the preliminary standing issue or, alternatively, after the October 8, 1991, order, which stated that an additional order would follow and which was not served on respondent until November 21. *See* C.R.C.P. 58.

## II.

The children also contend that the district court erred in holding that they had no standing to challenge their deceased father's marriage. We disagree.

█ The governing statute, § 14–10–111, C.R.S. (1987 Repl.Vol. 6B), strictly limits the persons who may seek a declaration of invalidity and the times within which they may do so. As relevant here, the children urge that their father's marriage was invalid under § 14–10–111(1)(a), C.R.S. (1987 Repl.Vol. 6B). They maintain that, because of mental incapacity or infirmity, their father lacked capacity to consent to the marriage at the time the marriage was solemnized.

Under § 14–10–111(2)(a), C.R.S. (1987 Repl.Vol. 6B), a declaration of invalidity of a marriage may be sought by either party to the marriage who was aggrieved by the conditions thereof or by the legal representative of the party who lacked capacity to consent no later than six months after the petitioner obtained knowledge of the described condition. However, § 14–10–111(2) provides that: "In no event may a declaration of invalidity be sought after the death of either party to the marriage, except as provided in subsection (3)."

Section 14–10–111(3), C.R.S. (1987 Repl. Vol. 6B), in pertinent part, provides:

A declaration of invalidity, for the reason set forth in subsection (1)(g) of this section, may be sought by either party [to the marriage] ... or by a child of either party at any time prior to the death of either party or prior to the final settlement of the estate of either party and the discharge of the personal representative, executor, or administrator of the estate or prior to six months after an estate is closed....

Section 14–10–111(1)(g), C.R.S. (1987 Repl. Vol. 6B) provides that a court shall declare a marriage invalid if:

The marriage is prohibited by law, including the following:

(1) A marriage entered into prior to the dissolution of an earlier marriage of one of the parties;

(II) A marriage between an ancestor and a descendant or between a brother and a sister, whether the relationship is by the half or the whole blood;

(III) A marriage between an uncle and a niece or between and aunt and a nephew, whether the relationship is by the half or the whole blood, except as to marriages permitted by the established customs of aboriginal cultures;

(IV) A marriage which was void by the law of the place where such marriage was contracted.

On appeal, the children now urge that the trial court erred because, they argue, that their father's lack of capacity to consent to the marriage resulted in its being void pursuant to § 14–10–111(1)(g)(IV) and that, therefore, they could seek, and were entitled to, a declaration of invalidity under § 14–10–111(3). Again, we disagree.

■ If a statute is explicit and free from ambiguity, there is no room for interpretation or construction beyond giving effect to the common and accepted meaning of the words in the act. *Griffin v. S.W. Devanney & Co.*, 775 P.2d 555 (Colo.1989).

Hence, inasmuch as a challenge to the validity of a marriage pursuant to § 14–10–111(1)(a) is barred if not timely pursued under § 14–10–111(2)(a) we conclude that such a marriage cannot be considered "void," rather than merely "voidable." Thus, because the marriage at issue here was not prohibited, Carvel's death precludes the children from challenging the validity of the marriage.

■ We reject the children's argument that their claim came within the exception of § 14–10–111(3). Section 14–10–111 concerning invalidity of marriages distinguishes between invalid and prohibited marriages and does not adopt the traditional language of void and voidable. The only reference to "void" in the statute is in § 14–10–111(1)(g)(V), and thus, we construe that subsection as pertaining only to purported marriages that occurred in other jurisdictions which still retain the void/voidable distinction. *Annulments in Colorado*, 22 Colo.Law. 2249 (October 1993).

### III.

The children finally contend that their claim should not be barred because they have no other adequate remedy at law. We disagree.

■ A central concept of equity jurisprudence is that, if the defendant has violated the plaintiff's substantive rights and there is no adequate remedy at law, equity may then intervene to fashion a remedy. *See Federal Deposit Insurance Corp. v. Mars*, 821 P.2d 826 (Colo.App.1991).

■ We conclude that § 14–10–111 does not allow the children to challenge their father's marriage in these circumstances. And, as the trial court stated: "This is true even in a case like this where the magistrate has found that the marriage works completely contrary to the desires of the decedent, a finding which this Court has no reason to question."

The order is affirmed and the cause is remanded to the district court sitting in probate.

JONES and ROTHENBERG, JJ., concur.