In re the MARRIAGE OF Margo
K. SPECTOR, a/k/a Margo
K. Kramer, Appellee,

and

Martin Ian Spector, Appellant.

No. 92CA1782.

Colorado Court of Appeals,
Div. II.

Dec. 2, 1993.

James W. Saffell, Boulder, for appellee.

Balis & Barrett, P.C., John H. Barrett, Boulder, for appellant.

Opinion by Judge TAUBMAN.

In this post-dissolution of marriage action, Martin I. Spector (father) appeals the district court order denying as untimely his request for review of a magistrate's ruling. We reverse and remand for further proceedings.

On May 14, 1992, at the conclusion of a hearing, the magistrate ruled from the bench and filed a minute order directing mother's attorney to prepare a written order within ten days. The written order was signed by the magistrate on May 28 and made effective *nunc pro tunc* May 14. On June 12, father moved for review of the order. The district court concluded that the motion was not timely.

Father contends that the district court erred in denying his motion as untimely. He argues that C.R.C.P. 58(a) applies to determine the date the order was entered, which is the date from which the period for requesting review under Colorado Rules for Magistrates, C.R.M. 6, is calculated. We agree in part.

Father further contends that all orders or judgments of magistrates must be in writing so as to comply with the requirements of C.R.C.P. 58(a). Mother, on the other hand, maintains that no order or judgment of a magistrate must be in writing since C.R.M. 5(b) does not explicitly so require. We conclude that each party is partially correct.

Under C.R.M. 6(c) and (d), district court magistrates have authority to conduct certain domestic relations proceedings, including those under the Uniform Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B). The Colorado Rules of Civil Procedure apply to all proceedings under that act, with specific exceptions not relevant here. Section 14–10–105(1), C.R.S. (1987 Repl.Vol. 6B); *see also* C.R.C.P. 1(a); C.R.C.P. 81(b).

A magistrate's order "shall be effective upon the date of the order or judgment and shall remain in effect pending review by a reviewing judge unless stayed or modified by the magistrate or by the reviewing judge." C.R.M. 5(b). A party "may obtain review of a magistrate's order or judgment by filing a motion to review such order or judgment with the reviewing judge no later than fifteen days subsequent to the date of the order or judgment." C.R.M. 6(e)(2).

C.R.M. 6(e)(2) further provides that if review is not requested, "the findings and recommendations of the magistrate shall become the order or judgment of the district court." Under C.R.C.P. 58(a), "the effective date of entry of judgment shall be the actual date of the signing of the written judgment." Recognizing that not every magistrate's order need contain "findings and recommendations," we nevertheless perceive no conflict between the specific rules for review of mag-

istrates' orders and the general provisions of C.R.C.P. 58(a) concerning the date of entry of an order or judgment. Thus, we must interpret C.R.M. 5(b) and 6(e)(2) in accordance with C.R.C.P. 58(a).

We reject mother's contention that no order or judgment issued by a magistrate must be in writing, since this conclusion would lead to an anomalous result. C.R.M. 6(e)(2) provides that, if review of a magistrate's order or judgment is not requested, the findings and recommendations of the magistrate shall become the order or judgment of the district court. Accordingly, if a magistrate were to issue an oral order or judgment and no review was requested, that oral order or judgment would be the ruling of the district court. However, since C.R.C.P. 58(a) requires a signed, written judgment of the district court, mother's interpretation could lead to a result inconsistent with the requirements of C.R.C.P. 58(a).

■ If interpreting a statute or rule by its plain language alone leads to an absurd or anomalous result, we may look beyond the plain meaning to give it effect. *See Colorado Department of Social Services v. Board of County Commissioners*, 697 P.2d 1 (Colo. 1985). Accordingly, interpreting C.R.M. 5(b) in accordance with C.R.C.P. 58(a), we conclude that orders or judgments required to be signed and in writing under C.R.C.P. 58(a) must be signed and in writing when issued by a magistrate.

■ Here, the magistrate modified child support under a dissolution of marriage decree. Because the magistrate's order was of a nature that would be considered a judgment if not appealed, it was required to be in writing. Thus, the magistrate's order did not become effective pursuant to C.R.M. 5(b) until the written order was signed on May 28. *See* C.R.C.P. 58(a); *In re Estate of Fuller*, 862 P.2d 1037 (Colo.App.1993). Therefore, father's motion for review filed on June 12 was timely under C.R.M. 6(e)(2).

■ Contrary to the district court's conclusion, the time to seek review of the order did not begin on May 14 when the magistrate ruled from the bench and filed the minute order instructing mother's attorney to pre-

pare a written order. *See In re Marriage of Forsberg*, 783 P.2d 283 (Colo.1989); *In re Marriage of Hoffner*, 778 P.2d 702 (Colo.App. 1989). Further, the *nunc pro tunc* effect of an order as to the parties' rights cannot reduce the time nor defeat the right to seek review. *See Joslin Dry Goods Co. v. Villa Italia, Ltd.*, 35 Colo.App. 252, 539 P.2d 137 (1975).

We deny mother's request for an award under C.A.R. 38(d) of attorney fees for this appeal.

Because of this disposition, we do not address the merits of father's motion regarding modification of his child support and college expense obligations.

The order is reversed, and the cause is remanded to the district court for further proceedings to consider father's motion for review of the magistrate's order.

TURSI and NEY, JJ., concur.