**The PEOPLE of the State of Colorado, ex rel. Myra J. GARNER, Appellee,**

v.

**Richard GARNER, Appellant.**

No. 00CA1528.

Colorado Court of Appeals, Div. III.

July 5, 2001.

Rehearing Denied Sept. 6, 2001.

Bradley K. Kolman, Delta County Attorney, Delta, CO, for Appellee.

Lynch & Lynch, LLC, Kimberly A. Martin Lynch, Keira Ann Lally, Telluride, CO, for Appellant.

Opinion by Judge NIETO.

In this post-dissolution proceeding in which the Delta County Child Support Enforcement Unit (CSEU) intervened, Richard Garner (father) appeals an order denying his motion entitled "Verified Motion for Declaratory Judgment" concerning child support arrearages he owed to Myra J. Garner (mother). We dismiss the appeal for lack of jurisdiction.

When mother began receiving public assistance, she assigned her child support rights to CSEU. CSEU engaged in various procedures to collect child support that had been ordered by the court.

By 1996, father was in arrears in the amount of $7299.34. In a stipulation (the 1996 stipulation), he agreed to pay $100 per month "until the arrearages are fully satisfied." The 1996 stipulation made no mention of interest.

Later that year, father contacted mother and the child directly and requested credit for amounts he had paid outside the terms of the stipulation. Noting that mother was upset by this direct contact, CSEU wrote a letter to father informing him that mother wished to settle the arrearages as a means to prevent any further interaction. This 1996 letter stated that if father failed to settle this matter, CSEU was prepared to seek judgment with all applicable interest due retroactive to the commencement date of the obligation. A 1997 letter conveyed a similar intent.

When father failed to settle, CSEU filed a verified entry of judgment in 1997. The total amount due was $20,860.24, which included 8% interest compounded annually.

In June 2000, father filed the motion at issue here, seeking to clarify whether the 1996 stipulation constituted a waiver of interest. Father asserted that in the 1996 stipulation, mother waived interest in exchange for father's waiver of a hearing. Furthermore, father asserted that CSEU included interest in the judgment in retaliation for his refusal to accept the settlement offered in CSEU's 1996 letter.

In a June 2000 minute order, the magistrate denied father's motion, concluding that the 1996 stipulation was not a waiver of interest on the child support debt. The magistrate reaffirmed this order in July 2000.

At the outset, we address CSEU's assertion that this court lacks jurisdiction over

this appeal because father failed to seek district court review of the magistrate's order.

■ CSEU's motion to dismiss on this basis was denied by a division of this court prior to briefing, and that ruling might be considered law of the case. *See In re Marriage of Mallon,* 956 P.2d 642 (Colo.App. 1998) (law of the case, which applies to progressive arguments made in the same action, is a discretionary rule of practice). However, inasmuch as CSEU raises an additional argument not raised in the motion to dismiss, we choose to address the issue. We also note that subject matter jurisdiction cannot be waived and may be asserted at any time. *Colorado Department of Public Health and Environment v. Caulk,* 969 P.2d 804 (Colo. App. 1998).

CSEU contends that this was a family law matter and that appellate review is barred by the former C.R.M. 6(e)(5), in effect when the 1996 stipulation was entered. In the alternative, CSEU argues that appellate review is barred by the current C.R.M. 7(a)(4), which became effective January 1, 2000. Father contends that this was a declaratory judgment proceeding conducted by the magistrate with the consent of the parties, and therefore we have jurisdiction for appellate review pursuant to the current C.R.M. 7(b). We agree with CSEU that appellate review is barred by the current C.R.M. 7(a)(4).

## I.

■ First, we reject CSEU's contention that the Colorado Rules for Magistrates in effect at the time the 1996 stipulation was entered should apply.

The 1996 stipulation was approved and made the order of the court in March 1996. Neither party filed a motion for district court review of that order as required by the magistrate rules then in effect. Under the former C.R.M. 6(e)(2) in effect in 1996, if review was not requested, the magistrate's ruling became the order of the district court. Thereafter, pursuant to the former C.R.M. 6(e)(5), that order was not subject to appellate review. Thus, the 1996 stipulation was a final and effective order absent some further action by the trial court.

The motion at issue here was filed in June 2000 and requested that the magistrate take new action, *i.e.,* clarify and interpret the 1996 stipulation. The motion did not seek to reopen the matters addressed in the 1996 stipulation, nor did it ask to alter that agreement. Therefore, we conclude that the Colorado Rules for Magistrates in effect in 1996 do not apply here because those rules were amended, effective January 1, 2000, prior to the filing of the motion at issue here.

## II.

In order to determine our jurisdiction in this matter, we must look to the Colorado Rules for Magistrates that were in effect in June 2000, when the motion at issue here was filed. In order to apply the rules, we must first determine whether this was a family law matter, as CSEU contends, or a civil matter, as father contends. We agree with CSEU's contention.

■ The underlying action in the trial court was filed as a dissolution of marriage case. The 1996 stipulation addressed arrearages in child support that had been ordered in that case. Although styled as a motion seeking declaratory judgment, father's motion, which was filed in the same case, asked the trial court to clarify and interpret the 1996 stipulation, which had been adopted as an order of the court. The motion makes no reference to C.R.C.P. 57 or the Uniform Declaratory Judgments Law, § 13–51–101, et seq., C.R.S.2000.

Father has cited no authority, and we are aware of none, for the proposition that a motion, filed in a dissolution of marriage case, seeking interpretation and clarification of a prior stipulation filed in the same case, changes the character of the action from a family law matter to a civil matter. At least for purposes of applying the Colorado Rules for Magistrates, we reject father's contention and conclude that his motion was a family law matter.

■ C.R.M. 6(b) states that in family law cases, a district court magistrate may perform any or all of the duties specified in §§ 13–5–301 to 13–5–305, C.R.S.2000.

Section 13–5–301(3), C.R.S.2000, provides, in pertinent part:

Subject to the provision that no magistrate may preside in any trial by jury, family law magistrates shall have the following duties, powers, and authority:

. . .

(b) To conduct proceedings for the enforcement of orders for child support;

(c) To accept stipulated agreements to pay child support and voluntary acknowledgments of support liability;

. . .

(e) To conduct hearings under the "Uniform Dissolution of Marriage Act", article 10 of title 14, C.R.S., including:

. . .

(V.5) Hearings upon motions;

(VI) And upon the consent of all parties:

(A) Contested permanent orders. . . .

Section 13–5–301(3) thus provides that a family law magistrate shall, with the consent of all parties, have authority to conduct hearings on contested permanent orders. As to all other magistrate functions listed therein, § 13–5–301(3) states, without any reference to consent of the parties, that "family law magistrates shall have the following duties, powers and authority." Thus, except as to contested permanent orders, § 13–5–301 grants authority to magistrates that is not conditioned upon the consent of the parties.

■■■ If the language of a statute is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction. *State v. Nieto,* 993 P.2d 493 (Colo. 2000). Where a statute establishes no preconditions, it should be applied without additional requirements. *See In re Marriage of Parker,* 41 Colo.App. 287, 584 P.2d 103 (1978) (absent preconditions, a statute's terms are mandatory).

Therefore, we conclude that §§ 13–5–301(3)(b), 13–5–301(3)(c), and 13–5–301(3)(e)(V.5), C.R.S.2000, gave the magistrate authority, without the consent of the parties, to hear father's motion seeking inter-pretation and clarification of the stipulation and order that related to the enforcement of a child support order. *See* § 13–5–302, C.R.S.2000 (when hearing matters authorized by § 13–5–301, family law magistrates have all the powers of a district court judge).

### III.

We next examine the procedure father was required to follow to appeal the order of the magistrate. We conclude that father failed to comply with that procedure.

"Any party may appeal a decision of a family law magistrate pursuant to rules promulgated by the supreme court." Section 13–5–305, C.R.S.2000. The supreme court promulgated C.R.M. 7 to govern appeals from the orders and judgments of magistrates.

C.R.M. 7(a) sets out the procedure for review of magistrate's orders and judgments that have been "entered without consent" of the parties, and C.R.M. 7(b) sets out a different procedure for orders and judgment that have been "entered with consent" of the parties. Therefore, we must determine the meaning of "with consent" and "without consent" in the context C.R.M. 7.

These same terms are also used in C.R.M. 6. For all matters other than family law matters, C.R.M 6 divides magistrate's functions into those that can be performed without the consent of the parties and those that require the consent of the parties. For family law matters, C.R.M. 6 refers to §§ 13–5–301 to 13–5–305, to delineate the district court magistrate's authority. As discussed above, § 13–5–301 similarly divides the family law functions of district court magistrates into "with consent" and "without consent" categories.

■■■ Court rules, like statutes, should be construed as a whole so as to give consistent, harmonious, and sensible effect to all constituent parts. *In re Marriage of Woolley,* 25 P.3d 1284 (Colo.App. 2001). Reading C.R.M. 6 and 7 together, we conclude that the consent distinctions in C.R.M. 7 relate to the "with consent" and "without consent" categories established in C.R.M. 6. Thus, review of

matters that may be heard by a magistrate without consent of the parties is governed by C.R.M. 7(a). Conversely, review of those matters that, by rule or statute, require the consent of the parties is governed by C.R.M. 7(b).

This construction gives the terms the same meaning in both rules and makes the two rules consistent. It also determines the applicable appeal procedure in a definitive manner without the need to determine whether the parties actually gave their consent in matters where C.R.M. 6 or § 13–5–301 give the magistrate authority without regard to the consent of the parties. Interpreting the rules in this manner avoids the unacceptable possibility that, in such matters, each party might have to pursue different appeal procedures if one party expressed his or her consent and the other party did not.

 Father argues that the terms "with consent" and "without consent" in C.R.M. 7 should be given their literal meaning. Thus, he argues that, because the parties agreed that the magistrate could hear father's motion and because they did in fact consent to the magistrate hearing this matter, review of the order should be governed by C.R.M. 7(b), the procedure for review of motions entered with consent. We are not persuaded.

The construction urged by father would give the same terms different meanings in C.R.M. 6 and 7. This construction would also allow the parties to dictate the appeal procedure by expressing their consent in matters where C.R.M. 6 grants authority to the magistrate without regard to the consent of the parties. We perceive no such intent in the Colorado Rules for Magistrates and so reject father's argument. To the contrary, we conclude that review of father's motion is governed by C.R.M. 7(a) because the magistrate had authority to hear the matter without the consent of the parties. Thus, whether the parties agreed that the magistrate should hear the matter has no relevance to the review procedure to be employed in this case.

 C.R.M. 7(a)(1) requires that a party seeking review of an order entered without consent must file a motion requesting review by the district court judge. Review of the magistrate's order by the district court judge is a condition precedent to further appellate review:

> A party to a proceeding conducted by a district court magistrate shall not be entitled to appellate review of any order or judgment entered in that proceeding, unless such party has filed a motion for review of the order or judgment pursuant to these Rules.

C.R.M. 7(a)(4).

Here, as discussed above, the magistrate had authority to hear this matter without the consent of the parties. Father did not file a motion with the district court judge for review of the magistrate's order. Therefore, pursuant to C.R.M. (7)(a)(4) he is not entitled to appellate review of that order. Under these circumstances we do not have jurisdiction to consider his appeal. *See In re Marriage of McCord,* 910 P.2d 85 (Colo.App. 1995) (applying a similar provision in prior magistrate rules).

Accordingly, the appeal is dismissed.

Judge NEY concurs.

Judge MARQUEZ specially concurs.

Judge MARQUEZ specially concurring.

While I concur in the result reached by the majority and the conclusion that the Colorado Rules for Magistrates, as amended effective January 1, 2000, apply to the motion at issue here, *see* C.R.M. 2, I write separately to point out that even under the interpretation of the rules advanced by Richard Garner (father), the appeal must be dismissed for lack of jurisdiction.

Father argues that the terms "with consent" and "without consent" in C.R.M. 7 should be given their literal meaning and that because the parties agreed that the magistrate could hear father's motion and consented to the magistrate hearing this matter, review of the order should be governed by C.R.M. 7(b). However, because father has not demonstrated consent under the current rules, this argument fails.

I agree with the majority that this matter remains a family law case governed by §§ 13–5–301 to 13–5–305, C.R.S.2000. Un-

**1244**

der § 13–5–305, any party may appeal a decision of the family law magistrate pursuant to rules promulgated by the supreme court. C.R.M. 7 sets forth the rules governing such appeals. Under C.R.M. 7(a)(1), a party may obtain review of a magistrate's order or judgment entered without consent of the parties by filing a motion to review such order or judgment with the reviewing district court judge within a prescribed time. Under C.R.M. 7(b), orders or judgments entered with consent are not subject to review under C.R.M. 7(a), but "shall be appealed pursuant to the Colorado Appellate Rules in the same manner as orders or judgments of the district court." However, C.R.M. 7 does not further indicate whether a party may or may not bypass district court review by consenting to a magistrate proceeding in those cases where the statute provides for action by the magistrate even without consent. C.R.M. 7 is simply silent on this issue.

Thus, in my view, a reasonable alternative interpretation of C.R.M. 7 as it is presently written is the literal interpretation advanced by father, *i.e.,* if consent is in fact provided for the magistrate proceeding, then in all family law matters, district court review is not required. This position is supported by the plain language of C.R.M. 7, the lack of terms in C.R.M. 7 precluding such an interpretation, and an implied purpose of the Colorado Rules for Magistrates to expedite appellate review without the necessity of intervening district court review, at least in family law matters. *Cf.* § 19–1–108(5), C.R.S. 2000 (in magistrate proceedings under the Children's Code, a petition for review is a prerequisite before an appeal may be filed with the appellate courts).

Nevertheless, C.R.M. 5 provides in pertinent part as follows:

> (a) Consent:
>
> (1) Consent in District Court:
>
> (A) For the purposes of the rules, a party is deemed to have consented to a proceeding before a magistrate if:
>
> (i) The party has affirmatively consented in writing or on the record; or
>
> (ii) The party failed to appear at a proceeding after having been provided notice of that proceeding.

Here, father asserts that the parties consented to proceeding before the magistrate and points to statements in the parties' briefs indicating that consents were previously given. However, he has not referred us to any portion of the record, and our separate review has not revealed any evidence indicating that the parties affirmatively consented in writing or on the record after the effective date of the new rules to have the current motion heard by the magistrate. Therefore, even if we were to accept father's interpretation of the rule that review before a district judge would not be required upon demonstration that the parties had actually consented, such consent is absent in this case within the meaning of C.R.M. 5(a)(1). Therefore, the judgment here was entered without "consent" and was subject to review before the district judge under C.R.M. 7(a)(1).

Accordingly, I concur that we do not have jurisdiction to consider father's appeal, and the appeal must be dismissed.