**In re the MARRIAGE OF Karen K. TALBOTT, Petitioner,**

and

**Stephen Talbott, Respondent–Appellee,**

and

**Denver Department of Human Services, Intervenor–Appellant.**

No. 01CA0097.

Colorado Court of Appeals, Div. III.

Jan. 31, 2002.

No Appearance for Petitioner.

James J. Keil, Jr., Wheatridge, CO, for Respondent–Appellee.

J. Wallace Wortham, Jr., City Attorney, Lara G. Delka, Assistant City Attorney, Denver, CO, for Intervenor–Appellant.

Opinion by Judge ROTHENBERG.

In this post-dissolution proceeding between respondent, Stephen Talbott (father), and the Denver Department of Human Services (Department), an intervenor on behalf of Karen K. Talbott (mother), the Department appeals an order of the district court denying as untimely the Department's motion for reconsideration, and an order dismissing the Department's request for review of a magistrate's order.

The dispositive issue in this appeal is the calculation of the fifteen-day period in C.R.M. 7(a)(1) that is allowed for the filing of a motion for review of a family law magistrate's order. We conclude that where, as here, the magistrate's order is entered outside the presence of the parties and later mailed to them, the fifteen-day period al-

lowed for filing a motion for review, or a motion for enlargement of time to file for such review, commences on the date the order is mailed rather than when it was entered. We therefore vacate the orders of the district court and remand for further proceedings.

I.

Mother applied for and received child support enforcement services from the Department.

The Department later obtained a judgment against father for child support arrearages, plus interest.

In July 2000, father paid the principal amount and the Department filed a satisfaction of judgment. A month later, however, the Department moved to set aside the satisfaction of judgment alleging, as relevant here, that it was inadvertently filed before father had paid the accrued interest.

On October 2, 2000, the magistrate entered an order denying the Department's motion to set aside the satisfaction of judgment. It is undisputed that the parties were not present when the magistrate's order was entered, and the district court registry of actions reflects that the magistrate's order was mailed to counsel.

On October 18, the Department moved for an enlargement of time in which to seek district court review of the magistrate's order. Father objected, contending the Department's motion for enlargement of time was untimely filed because, according to father, the fifteen day period had commenced on October 2 and had expired on October 17.

The Department responded, contending its motion for enlargement was timely because it was filed within fifteen days of October 4, the date on which the magistrate's order was mailed to the parties. The Department submitted an envelope from the magistrate postmarked October 4. *See Dews v. District Court,* 648 P.2d 662 (Colo.1982)(postmark may rebut presumption order was mailed earlier).

The district court summarily denied the Department's motion for enlargement of time.

On October 30, the Department moved for reconsideration of the magistrate's order and also sought district court review of that order. Father then moved to dismiss the Department's motion for district court review.

On December 4, the district court denied the Department's motion for reconsideration and dismissed the motion for judicial review. The court agreed with father that the Department's motion to review was untimely because the time for filing it had expired on October 17, fifteen days after entry of the magistrate's October 2 order.

The Department appeals the order by the district court denying its motion for reconsideration and the order dismissing the Department's motion for judicial review.

II.

The Department contends that where, as here, the magistrate's order is entered outside the presence of the parties and later mailed to them, the fifteen day period allowed by C.R.M. 7(a)(1) does not commence until the order is mailed. The Department further contends that because its motion for enlargement was filed within the fifteen-days allowed for filing the motion for review of the magistrate's order, the motion for enlargement was timely, as was its later motion for judicial review. We agree.

The Colorado Rules for Magistrates do not contain a separate section on procedure and do not provide for extensions of time in which to file the motion to review. However, C.R.M. 6(b) provides that the functions of magistrates in family law cases are as specified in § 13–5–301, et seq., C.R.S.2001. *See People ex rel. Garner v. Garner,* 33 P.3d 1239 (Colo.App.2001).

Separate rules of procedure for family law magistrates have not been formally adopted, *see* § 13–5–303(2), C.R.S.2001, under § 13–5–301(3)(e), C.R.S.2001, but such magistrates may conduct proceedings under the Uniform Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S.2001 (the Act).

The Act provides that the Colorado Rules of Civil Procedure apply unless the Act otherwise specifies. Section 14–10–105(1), C.R.S.2001; *In re Marriage of Spector*, 867 P.2d 181 (Colo.App.1993).

C.R.C.P. 6(b) governs the enlargement of time and states that when an act is required or allowed to be done within a specified time, if cause is shown, the court in its discretion may order the time enlarged, provided that the request is made before the expiration of the "period originally prescribed." C.R.C.P. 6(b)(1); *see Realty World–Range Realty, Ltd. v. Prochaska*, 691 P.2d 761 (Colo.App. 1984).

As relevant here, the "period originally prescribed" is set forth in C.R.M. 7(a)(1), which states:

A party may obtain review of a magistrate's order or judgment by filing a motion to review such order or judgment with the reviewing judge *no later than fifteen days*, unless a shorter period of time has been set by statute, subsequent to the date of the order or judgment.

The parties thus agree, as do we, that the Department's motion for review of the magistrate's order was due within fifteen days of the order, and they further agree the Department's motion for enlargement of time was also due within fifteen days of the order. At issue here is whether the fifteen-day period in C.R.M. 7(a)(1) was extended because the magistrate's order was not entered in the presence of the parties but was mailed to them. We hold that it was.

We are unaware of any Colorado appellate court decisions clarifying the filing requirements for motions to review when a magistrate's order is entered outside the presence of the parties and mailed to them. *Cf. In re Marriage of Spector, supra* (a motion to review was held timely when computed from the date of a written order, but panel did not address order that is mailed).

In contrast to other procedural rules, C.R.M. 7(a)(1) makes no distinction between orders that are mailed to the parties and those that are announced in the parties' presence. The current version of C.A.R. 4(a), for example, provides that the time to appeal commences from the entry of judgment, but if the judgment is mailed, the time to appeal runs from the date of mailing. C.R.C.P. 59(a) contains a similar provision for filing post-trial motions.

In *In re Marriage of Forsberg*, 783 P.2d 283, 286 (Colo.1989), the supreme court construed a prior version of C.A.R. 4(a) and concluded "[i]f the parties are present when an order is announced, the time to appeal commences from entry of judgment, whereas if the appealing party is notified of the judgment by mail, the time to appeal runs from the date of mailing."

The supreme court explained the reason for the differing time requirements when an order is issued in the presence of the parties and when they are notified by mail:

If the parties are present when a decision is made, they know that the time to file a post-trial motion or an appeal has commenced. In contrast, when a decision is made outside the presence of the parties, they cannot know that the time to file such appeal or post-trial motion has commenced, until notified by the trial court.

*In re Marriage of Forsberg, supra*, 783 P.2d at 287.

■■■ The supreme court's reasoning applies equally to situations in which the family law magistrate's order is entered outside the presence of the parties and later mailed to them. Under such circumstances, we therefore conclude the fifteen-day period in C.R.M. 7(a)(1) for filing a motion for review begins to run on the date the order is mailed. The time for filing a motion for enlargement of time under C.R.C.P. 6(b) is similarly calculated.

Here, the magistrate's order was mailed to the parties on October 4, 2000. The fifteen days did not expire until October 19. Accordingly, the Department's motion for enlargement of time within which to file for judicial review was timely filed on October 18, and its motions for reconsideration and for judicial review were timely filed on October 30, five days after the trial court denied the Department's motion for enlargement.

### III.

The Department also contends the fifteen-day period in C.R.M. 7(a)(1) for filing the

motion for review was further extended by three days under C.R.C.P. 6(e).

C.R.C.P. 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other papers upon him ... and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

However, here, the Department did not need the additional three-day extension because we have concluded its motion for enlargement of time within which to file for judicial review was timely filed. Hence, we do not determine the applicability of C.R.C.P. 6(e).

## IV.

The district court found in its final order that the Department's motion for review was untimely because the time for filing such a motion under C.R.M. 7(a)(1) had expired fifteen days after entry of the magistrate's October 2 order. In so finding, the court rejected the Department's arguments regarding the effect of mailing the magistrate's order. The court did not state a reason for denying the Department's motion for enlargement of time, but a logical inference is that the court accepted the father's argument and similarly concluded the Department's motion was untimely filed.

Because we have concluded otherwise, we remand to the district court for further proceedings. *See* C.R.M. 7(a)(2) (reviewing court may conduct further proceedings and take additional evidence). On remand, the court should reconsider the Department's motion for enlargement of time on the merits, and if the court grants the motion, it should address the merits of the Department's motion for review.

The order is vacated and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge JONES and Judge NIETO concur.