**In re the MARRIAGE OF Arthur L. TONN, Appellee,**

**and**

**Vera L. Tonn, n/k/a Vera L. Jacques, Appellant.**

**No. 01CA1472.**

Colorado Court of Appeals, Div. III.

July 18, 2002.

Stiner, Beck & Jonson, Thomas A. Nolan, Golden, Colorado, for Appellee.

Cooper, Tanis, & McBain, P.C., Leonard D. Tanis, Broomfield, Colorado, for Appellant.

Opinion by Judge DAILEY.

In this post-dissolution marriage proceeding between Vera L. Tonn, now known as Vera L. Jacques (wife), and Arthur L. Tonn (husband), wife appeals the district court order determining that her motion to review the magistrate's order was untimely. We affirm.

In 1983, after husband failed to pay child support and maintenance, wife obtained a judgment for arrearages in the amount of $8327, plus interest. In 2000, husband paid the principal amount of the judgment. Later that year, wife filed a pro se motion for entry of judgment for $45,877.77 in accrued interest.

In a November 27, 2000, order stamped "denied," the magistrate stated that the "request is untimely." On January 18, 2001, wife, now through counsel, filed a motion for clarification. The magistrate found that be-cause wife's request was untimely, she waived her right to collect interest. The magistrate's "clarification" was dated March 27, 2001.

On April 13, 2001, wife filed a motion for review of the magistrate's clarification. The district court denied the motion as untimely, finding that the motion had not been filed within fifteen days of the order or judgment, as required by C.R.M. 7(a).

Wife filed a motion to amend and attached a copy of the envelope in which the magistrate mailed the clarification, which was post-marked March 29, 2000. She argued that the motion to review was timely from the date the clarification was mailed. The district court denied the motion, finding that the fifteen-day deadline for filing a motion to review began to run on March 27, the date of the clarification, not the date of mailing two days later.

■ Wife contends that a motion to review must be filed within fifteen days of the date of mailing of the order, not the date of the order. Therefore, she argues that the motion for review was timely because it was filed fifteen days after the date the clarification was mailed. While we agree that the date of mailing controls, we nonetheless affirm the district court's order.

Because the proceedings before the magistrate occurred after January 1, 2000, this case is governed by the current Colorado Rules for Magistrates. *See People ex rel. Garner v. Garner*, 33 P.3d 1239, 1241 (Colo. App.2001). Recently, a division of this court decided the mailing issue under these rules. In a case announced after the district court's ruling here, the division held that where a family law magistrate's order is entered outside the presence of the parties and later mailed to them, the fifteen-day period in C.R.M. 7(a)(1) for filing a motion for review begins to run on the date the order is mailed. *In re Marriage of Talbott*, 43 P.3d 734, 736 (Colo.App.2002).

We agree with the *Talbott* decision and thus conclude that the district court erred in holding to the contrary.

■ However, here the time for filing the motion for review was triggered not by the magistrate's clarification, but by the magistrate's November 2000 order. The rules

governing magistrates do not authorize any motion except a motion for review. Nor do those rules authorize any motions that would toll the time for seeking review in the district court. *See* C.R.M. 7(a) (setting forth the requirements for a motion for review; no other motion is authorized); *In re Estate of Hillebrandt,* 979 P.2d 36, 38 (Colo.App.1999)(former rules for magistrates did not provide for motions for reconsideration of magistrates' decisions).

Wife does not argue that she failed to receive the November order, and indeed, her January 2001 motion for clarification acknowledges receipt of that order. Under these circumstances, we reject wife's premise that the time for filing the motion for review began to run on the date of mailing of the clarification. To preserve her right to appellate review, wife had to file the motion to review within fifteen days of the date of mailing of the operative order, which here was the November order. *See In re Marriage of Talbott, supra; In re Marriage of McCord,* 910 P.2d 85, 88 (Colo.App.1995)(setting forth the time requirements under the prior rules for magistrates); *cf. People v. Retallack,* 804 P.2d 279, 279–80 (Colo.App. 1990)(in a criminal case, a motion filed after entry of the order challenged on appeal did not extend the time for filing notice of appeal with respect to the challenged order).

In a related contention, wife argues that the magistrate's November order is void because the magistrate lacked jurisdiction to deny entry of judgment as untimely. She therefore asserts that the order may be attacked at any time. We decline to address this contention, inasmuch as it was raised for the first time in the reply brief filed in this court. *See In re Estate of Perry,* 33 P.3d 1235, 1237 (Colo.App.2001).

Our disposition obviates the need to address wife's additional contention that the court erred in failing to allow three days for mailing under C.R.C.P. 6(e).

Accordingly, the order is affirmed.

Judge NEY and Judge ROY concur.