In re the MARRIAGE OF Elizabeth B. MALEWICZ, Appellant,

Michal A. Malewicz, Appellee,

and

Concerning Jefferson County Department of Human Services, Third–Party Intervenor–Appellee.

No. 00CA1737.

Colorado Court of Appeals, Div. III.

Oct. 24, 2002.

Karen S. Renne, Pine, Colorado, for Appellant.

No Appearance for Appellee.

No Appearance for Third–Party Intervenor–Appellee.

Opinion by Judge NEY.

In this post-dissolution proceeding, Elizabeth B. Malewicz (mother) appeals the district court order adopting the magistrate's order finding that Michal A. Malewicz (father) had overpaid his child support and denying the request of Jefferson County Department of Human Services for reimbursement. Mother also appeals the district court order finding that it lacked jurisdiction to rule on her motion to review the magistrate's order denying her C.R.C.P. 60(b) motion for relief. We reverse the district court order relating to the C.R.C.P. 60(b) motion and remand to the district court reviewing judge for the limited purpose of hearing and ruling on that motion.

In the 1991 permanent orders, father was ordered to pay mother $200 per month child support for their son. Father paid child support for the first twelve months and, from 1994 to 1995, made four more payments.

In 2000, father filed a motion for the correct calculation of arrearages, credit for the sixteen payments made, and termination of the support obligation based on the son's emancipation. Father alleged that mother, in 1992, wrongfully withdrew $10,192.22 from his account in Poland and that he subsequently notified her that these funds would be considered an advance payment of child support. Father also alleged that in 1995, the parties signed a written agreement under which mother accepted an additional $14,000 from father as child support and waived any further claim. Accordingly, father asserted that he had overpaid his child support obligation.

Mother conceded that she withdrew the $10,192.22, but asserted that it was an inheritance that belonged to her. Mother denied that she received the $14,000 or ever signed an agreement waiving further child support.

In a May 2000 order, the magistrate credited father's evidence and found that the support obligation had been overpaid. When mother filed a motion for review, the district court, in an August 2000 order, adopted the magistrate's order.

Mother filed a notice of appeal of the August 2000 order the following month. However, the case was then remanded to the district court for the limited purpose of consideration of mother's C.R.C.P. 60(b)(2) motion for relief from judgment.

In her motion for relief, which was filed November 27, 2000, mother alleged that she had obtained new, conclusive evidence that her signature was forged on the agreement regarding the $14,000 and that the $10,192.22 was her separate property. In an October 2001 order, the magistrate found that mother's motion was untimely because it was filed outside the six-month period prescribed in C.R.C.P. 60(b)(2).

Mother filed a motion to review the magistrate's 2001 order, but the district court found that because the parties consented to the magistrate hearing the C.R.C.P. 60(b)(2) motion, the magistrate's order was not subject to review under C.R.M. 7(b). Accordingly, the district court concluded that it lacked jurisdiction to rule on the motion to review.

## I.

▮ We first address, sua sponte, a threshold issue regarding the timeliness of mother's motions concerning review of the May 2000 order.

Mother filed a motion for extension of time to file a motion for review of the magistrate's May 3, 2000 order. Even though the C.R.M. has no provision for such an extension, it can be granted under C.R.C.P. 6(b) if the motion for extension is filed within the fifteen-day period for filing the motion for review. *See In re Marriage of Talbott*, 43 P.3d 734 (Colo. App.2002). However, the fifteen days begins to run from the date of mailing of the magistrate's written order, *see In re Marriage of Talbott, supra,* and there is no indication in the record as to that mailing date here.

Mother's motion for extension was untimely unless either the order was mailed on or after May 5, or a three-day extension of time applies for mailing.

We conclude that the motion for extension of time was timely, even if the order was mailed before May 5, because three days for mailing are to be added pursuant to C.R.C.P. 6(e). *See Bonanza Corp. v. Durbin*, 696 P.2d 818 (Colo.1985)(parties notified of the entry of judgment by mail under C.R.C.P. 58(a) are entitled to a three-day extension of time pursuant to C.R.C.P. 6(e) when filing their C.R.C.P. 59 motions); *Littlefield v. Bamberger*, 10 P.3d 710 (Colo.App.2000); *In re Marriage of Talbott, supra* (C.R.C.P. apply to family law magistrates in some instances). Accordingly, we address the merits of the appeal.

## II.

Mother raises two issues regarding her C.R.C.P. 60(b) motion, and we agree as to both.

### A.

Mother contends that the district court erred in concluding that, because the parties consented to the magistrate's involvement, the district court did not have jurisdiction to review the magistrate's denial of the C.R.C.P. 60(b)(2) motion. We agree.

Because the proceedings before the magistrate occurred after January 1, 2000, this case is governed by the current Colorado Rules for Magistrates. *See In re Marriage of Tonn,* 53 P.3d 1185 (Colo.App. 2002).

C.R.M. 6(b) states that in family law cases, a district court magistrate may perform any or all of the duties specified in §§ 13–5–301 to 13–5–305, C.R.S.2002. *People ex rel. Garner v. Garner,* 33 P.3d 1239, 1241 (Colo.App. 2001). Section 13–5–301(3)(e)(V.5), C.R.S. 2002, provides that family law magistrates have the duty, power, and authority to conduct hearings upon motions.

Except as to contested permanent orders, § 13–5–301 grants authority to family law magistrates that is not conditioned upon the consent of the parties. *People ex rel. Garner v. Garner, supra.* This section ostensibly conflicts with C.R.M. 7(a) and (b), which distinguish between orders entered with and without the consent of the parties. C.R.M. 7(a) requires that orders entered without consent must be reviewed by the district court reviewing judge prior to further appeal, while C.R.M. 7(b) provides that orders entered with consent are not subject to such review and may be appealed directly to the court of appeals.

However, *Garner* clarified that where § 13–5–301 gives the magistrate authority without regard to the consent of the parties, the magistrate's order must be reviewed by the district court reviewing judge pursuant to C.R.M. 7(a). Thus, the existence of actual consent given by the parties does not render the order subject to the expedited appellate procedure set forth in C.R.M. 7(b). *People ex rel. Garner v. Garner, supra.*

Here, review of mother's C.R.C.P. 60(b)(2) motion is governed by C.R.M. 7(a) because the magistrate, under § 13–5–301(3)(e)(V.5), had authority to hear the motion without the consent of the parties. Accordingly, the district court reviewing judge erred in concluding that the parties' consent robbed the court of its jurisdiction to rule on mother's motion to review. *See People ex rel. Garner v. Garner, supra.*

### B.

Mother contends next that the magistrate erred in finding that her November 2000 motion for relief was untimely under C.R.C.P. 60(b)(2). Again, we agree.

The magistrate computed the six-month time for filing the C.R.C.P. 60(b)(2) motion from the date of his May 2000 order. However, the time for filing that motion ran not from the date of the *magistrate's* order, but from the date of the *reviewing judge's* August 2000 order.

There was no order or judgment that could be set aside pursuant to C.R.C.P. 60(b) until the district court reviewing judge adopted the magistrate's order by, in this case, "denying" the motion to review. *See In re Marriage of Schmidt,* 42 P.3d 81 (Colo.App.2002)(effect of "denial" of motion to review is to "adopt" the magistrate's order; under C.R.M. 7(a)(2), district court has the power only to "adopt, reject, or modify" the magistrate's order). Under C.R.M. 7(a)(3), the magistrate's May 2000 order would be final only if no motion for review were filed. Once mother filed such motion, the district court reviewing judge had to act pursuant to C.R.M. 7(a)(2) to create a final order. *See In re Marriage of Spector,* 867 P.2d 181, 183 (Colo.App.1993)("the magistrate's order was of a nature that would be considered a judgment if not appealed").

Thus, mother's November 2000 motion for relief was filed within six months of the district court reviewing judge's August 2000 order. Accordingly, it was timely filed under C.R.C.P. 60(b)(2), *see In re Marriage of Gance,* 36 P.3d 114 (Colo.App.2001), and the magistrate erred in holding otherwise.

### C.

Therefore, on remand the reviewing judge shall resolve mother's C.R.C.P. 60(b) motion on the merits and enter a new order, which

shall be the order of the district court. In this regard, the reviewing judge may conduct further proceedings, take additional evidence, or order a trial de novo in the district court. *See* C.R.M. 7(a)(2); *In re Marriage of Talbott, supra.*

### III.

Mother contends that the evidence does not support the magistrate's finding that the $10,192.22 belonged to father, and she also contends that the agreement regarding the $14,000 payment should not have been admitted. She further contends that father's alleged payment was insufficient to fulfill the child support obligation and that the district court erred in failing to require calculation of the exact amount due, with interest. We decline to address these issues at this juncture.

If mother's motion for relief is granted, these issues may be moot. *See In re Marriage of Balanson,* 25 P.3d 28 (Colo.2001). If the motion for relief is denied, we will address these issues once the appeal is recertified.

The district court's order concerning mother's C.R.C.P 60(b) motion is reversed, and the case is remanded to the district court reviewing judge for the limited purpose of hearing and ruling that on that motion. After the motion has been resolved, mother shall immediately forward a certified copy of the district court reviewing judge's order to this court, and the case shall be recertified. The order entered shall be made a part of the record on appeal. If the motion is denied, mother's appeal shall proceed on the remaining issues, and if the motion is granted, the appeal shall be dismissed as moot.

Judge KAPELKE and Judge NIETO concur.