**In re the MARRIAGE OF Patrick M. PHELPS, Appellant,**

**and**

**Cheryl ROBINSON, Appellee.**

**No. 02CA0354.**

Colorado Court of Appeals, Div. A.

May 22, 2003.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

Kraemer & Golden, P.C., Randy Golden, Michael M. O'Brien, Fort Collins, Colorado, for Appellant.

Jennifer I. Holt, Denver, Colorado, for Appellee.

Opinion by Judge METZGER.*

Patrick M. Phelps appeals the magistrate's order determining that he is not married at common law to Cheryl Robinson. We dismiss the appeal for lack of a final order and remand the case for further proceedings.

In March 2001, Phelps filed a petition for dissolution of what he alleged was the parties' common law marriage. Robinson answered that the parties had cohabited, but were unmarried, and she requested a determination that the parties were not married at common law.

A May 2001 minute order reflects that the parties consented to the magistrate's resolution of the issue whether a common law marriage existed. After an evidentiary hearing, the magistrate entered a written order in December 2001 finding that the parties were not married at common law and dismissing Phelps' action for dissolution.

Fifteen days later, Phelps filed a motion for reconsideration, or alternatively, for amendment of the judgment. Finding that the December order did not accurately reflect the bench ruling, the magistrate, in a January 2002 order, vacated the first order and adopted the transcript of the bench ruling as the order.

Phelps then filed a notice of appeal directly with this court, alleging that the magistrate erred in finding no common law marriage existed. This court ordered Phelps to show cause why the appeal should not be dismissed for failure to seek timely district court review of the magistrate's order. A motions division of this court deferred ruling on the order to show cause and ordered the parties to brief the issue whether Phelps was required to seek review in the district court before filing an appeal in this court.

## I.

Phelps contends that the status of marriage is a "civil" matter governed by the

Uniform Marriage Act, § 14–2–101, et seq., C.R.S.2002(UMA), and, because the parties consented to having this "civil" issue heard by the magistrate, district court review of the magistrate's order was unnecessary. In contrast, Robinson argues that this is a "family law" matter falling under the Uniform Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S.2002 (UDMA), and, because the magistrate had authority to conduct the hearing on this "family law" matter regardless of the parties' consent, district court review was required before appeal. We agree with Robinson.

The proceedings before the magistrate occurred after January 1, 2000, and therefore this case is governed by the current Colorado Rules for Magistrates. *See In re Marriage of Malewicz,* 60 P.3d 772 (Colo.App.2002).

District court magistrates have different powers, depending on the type of case over which they preside. In civil cases, with the consent of the parties, a district court magistrate may perform any function except to preside over jury trials. C.R.M. 6(c)(2). In family law cases, as pertinent here, a magistrate has the power, under the UDMA, to conduct hearings on motions regardless of the parties' consent. Section 13–5–301(3)(e), C.R.S.2002; C.R.M. 6(b); *People ex rel. Garner v. Garner,* 33 P.3d 1239 (Colo.App.2001).

In turn, different review procedures apply to these types of cases, depending on the requirement for consent. A magistrate's order in a civil matter, entered with the parties' consent, is subject to the expedited appellate procedure set forth in C.R.M. 7(b) and therefore may be appealed directly to this court. In contrast, while § 13–5–301(3)(e) gives the magistrate authority to hear a matter without regard to the consent of the parties, the magistrate's order must be reviewed by the district court reviewing judge pursuant to C.R.M. 7(a). Thus, the fact that the parties consented does not render the order subject to the expedited appellate procedure set forth in C.R.M. 7(b). *In re Marriage of Malewicz, supra.*

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

■ Here, Phelps argues that, even though he brought this action as a dissolution proceeding, that portion of the case concerning the "status" of the marriage constituted a "civil" proceeding for purposes of C.R.M. 6 and 7. However, he premises this argument on the assumption that the UMA governs common law marriage cases. That premise is incorrect. A determination of the existence of a common law marriage is governed by the common law, not by the UMA. *See, e.g., People v. Lucero,* 747 P.2d 660 (Colo. 1987) (setting forth the requirements for a common law marriage without mention of the UMA); *Whitenhill v. Kaiser Permanente,* 940 P.2d 1129 (Colo.App.1997)(same); *see also Brush Grocery Kart, Inc. v. Sure Fine Mkt., Inc.,* 47 P.3d 680 (Colo.2002)(where no statute controls, common law applies).

The issue of the existence of a common law marriage arises in all types of cases. It frequently arises in the context of a dissolution proceeding under the UDMA. *See In re Marriage of Cargill,* 843 P.2d 1335 (Colo. 1993)(in concluding that the term "remarriage" as used in § 14–10–122(2), C.R.S.2002, means the status of remarriage, court recognized that the definition of remarriage must take into account the fact that common law marriage is recognized in Colorado); *In re Marriage of Gercken,* 706 P.2d 809 (Colo.App.1985)(before granting dissolution, court found that the parties had entered into a common law marriage). However, the issue is also resolved in a host of other types of cases. *See, e.g., People v. Lucero, supra* (spousal testimonial privilege); *Carter v. Firemen's Pension Fund,* 634 P.2d 410 (Colo.1981)(entitlement to pension); *Employers Mut. Liab. Ins. Co. v. Indus. Comm'n,* 145 Colo. 91, 357 P.2d 929 (1960)(entitlement to workers' compensation benefits); *In re Estate of Sky Dancer,* 13 P.3d 1231 (Colo.App.2000)(determination of heirship); *Whitenhill v. Kaiser Permanente, supra* (right to bring wrongful death action).

We hold that, for purposes of C.R.M. 6 and 7, characterization of a common law marriage determination, hinges on the context in which the issue is raised. Where, as here, the common law marriage issue is related to an effort to dissolve the alleged marriage, it constitutes a "family law case," thereby implicating C.R.M. 6(b) and § 13–5–301(3), C.R.S.2002. *See People ex rel. Garner v. Garner, supra* (motion for declaratory judgment, filed in dissolution of marriage case, seeking interpretation and clarification of a prior stipulation filed in the same case, does not convert the action from a family law matter to a civil matter for purposes of C.R.M. 6).

■ Here, because the action was brought by Phelps as a dissolution proceeding, Robinson's denial of the existence of a common law marriage did not change the character of the proceedings from a "family law case" to a "civil case" for purposes of C.R.M. 6(b) and § 13–5–301(3). Robinson's response to the petition for dissolution constituted, in effect, a motion for a ruling on a threshold issue, and therefore the magistrate could rule on that motion. *See* § 13–5–301(3)(e)(V.5), C.R.S.2002. The fact that the parties consented to proceeding before a magistrate is irrelevant, because the magistrate had authority to hear Robinson's request regardless of that consent.

Accordingly, the magistrate's order is subject to review by the district court before an appeal to this court can lie.

## II.

Our conclusion that a motion for review was necessary here does not resolve the matter because we also conclude that there is not yet a final order in this case, and the case must therefore be remanded.

■ A magistrate is not authorized to act on a motion for reconsideration. *See In re Marriage of Tonn,* 53 P.3d 1185 (Colo. App.2002)(rules governing magistrates do not authorize any motion except a motion for district court review). Accordingly, the magistrate's entry of the January 2002 order, issued in response to Phelps's motion for reconsideration, was void.

■ However, because the motion for reconsideration was filed within fifteen days of the magistrate's first order, and was erroneously acted upon by the magistrate, we may construe the motion for reconsideration as a

motion for district court review. *See In re Marriage of Thiemann,* 878 P.2d 159 (Colo. App.1994) (where a dissolution decree and order were signed by both the magistrate and the district court judge, and husband filed a motion for reconsideration fifteen days later, which was acted upon by the magistrate but not by the district court judge, appellate court treated the motion as a motion for review and remanded the matter to the district court for entry of a written order); *cf. In re Estate of Hillebrandt,* 979 P.2d 36 (Colo.App.1999)(where motion for reconsideration was acted upon by neither the magistrate nor the district court, and a separate motion for review was eventually filed, the motion for reconsideration could not be construed as a motion for review). On remand, the district court shall construe the motion for reconsideration as a motion for review, and, pursuant to C.R.M. 7(a)(2), either adopt, reject, or modify the magistrate's December 2001 order.

### III.

■ Robinson requests attorney fees pursuant to C.A.R. 38(d) on the basis that the appeal is frivolous and groundless. However, inasmuch as that request is based on the merits of the appeal, which have not yet been reached, we deny the request without prejudice.

The appeal is dismissed without prejudice, and the case is remanded to the district court for a ruling on Phelps's motion to reconsider.

CASEBOLT and PIERCE **, JJ., concur.

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and    § 24–51–1105, C.R.S.2002.