In re the MARRIAGE OF Gary
D. MOORE, Appellant,

and

Maureen K. MOORE, Appellee.

No. 04CA0065.

Colorado Court of Appeals,
Division V.

Jan. 13, 2005.

Cook, Cooper & Moses, LLC, Marie Avery Moses, Greenwood Village, Colorado, for Appellant.

No Appearance for Appellee.

Opinion by Judge CRISWELL *.

In this post-dissolution proceeding for modification of child support payable to Maureen K. Moore (mother), Gary D. Moore (father) appeals the district court's order finding that his motion for district court review of the magistrate's order was deemed denied pursuant to C.R.C.P. 59(j). We dismiss the appeal for lack of a final, appealable order.

In the 1994 permanent orders, mother was granted primary parental responsibility for the parties' three children, and father was ordered to pay child support. In 2001, mother filed a motion to modify child support.

In an order dated April 1, 2003, the magistrate increased father's child support obligation. On April 15, father filed a timely motion for district court review of the magistrate's order. In an unsigned minute order dated August 6, 2003, the district court "denied" the motion for review on the basis that the motion was deemed to be denied under C.R.C.P. 59(j) because the court had failed to rule upon it within sixty days.

Father filed a motion to reconsider the district court's ruling, arguing that C.R.C.P. 59 is inapplicable to motions for review of a magistrate's order. The district court determined that C.R.C.P. 59 did apply, and it denied father's motion to reconsider.

I.

Father contends that the district court erred in concluding that his motion for review was, pursuant to C.R.C.P. 59(j), deemed denied after sixty days. We agree.

Mother's motion to modify was filed after January 1, 2000, and therefore, this case is governed by the Colorado Rules for Magistrates (C.R.M.) in effect at the time the motion was filed. *See In re Marriage of*

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2004.

*Roosa*, 89 P.3d 524 (Colo.App.2004). And, because family law magistrates have the power and authority to modify orders for child support, *In re Marriage of Roosa, supra,* here, for purposes of C.R.M. 7, the magistrate's order was entered without consent of the parties. *See Bryan v. Neet*, 85 P.3d 556 (Colo.App.2003)(whether an order has been entered with or without the parties' consent depends upon whether consent is required by the rules or statutes to invest a magistrate with authority to act).

Accordingly, the review procedures of C.R.M. 7(a) are applicable to the magistrate's order granting mother's motion to modify child support. *See In re Marriage of Phelps*, 74 P.3d 506 (Colo.App.2003); *see also In re Marriage of Malewicz*, 60 P.3d 772 (Colo. App.2002)(where magistrate had authority to hear motion without consent of parties, reviewing judge erred in concluding that parties' actual consent deprived court of jurisdiction to rule on mother's motion for review).

Pursuant to C.R.M. 7(a)(1), a party may obtain review of a magistrate's judgment or order by filing a motion requesting review by the district court. *In re Marriage of Schmidt*, 42 P.3d 81 (Colo.App.2002). This is the only motion authorized by the rules governing magistrates. *In re Marriage of Tonn*, 53 P.3d 1185 (Colo.App.2002)(motion for clarification of magistrate's order is not authorized by rules governing magistrates).

Here, in determining that C.R.C.P. 59 applied, the district court focused on the finality of the underlying order. The court noted that: (1) C.R.C.P. 59(a) refers to "entry of judgment as provided in C.R.C.P. 58"; (2) under C.R.C.P. 58(a), a "judgment" includes an appealable decree or order as set forth in C.R.C.P. 54(a); and (3) C.R.C.P. 54(a) provides that a "judgment" includes a "decree and order to or from which an appeal lies."

However, a magistrate's order or judgment entered without consent is not a "decree and order to or from which an appeal lies," as envisioned in C.R.C.P. 54(a). Under C.R.M. 7(a)(4), an appeal may not lie from a magistrate's order *unless* a motion for review is first filed. *People ex rel. Garner v. Garner*, 33 P.3d 1239 (Colo.App.2001). And, once a motion for review is filed, a district court reviewing judge must take action upon that motion pursuant to C.R.M. 7(a)(2) to enter a final appealable order. *See In re Marriage of Malewicz, supra* (there was no order or judgment that could be set aside pursuant to C.R.C.P. 60(b) until reviewing judge adopted magistrate's earlier order; under C.R.M. 7(a)(3), magistrate's earlier order would be final only if no motion for review were filed).

Thus, we agree with father that C.R.C.P. 59 has no application here. Indeed, this holding is clearly implied in past appellate opinions that have remanded cases for the reviewing courts to rule upon motions for review, even though more than sixty days have elapsed. *See In re Marriage of Roosa, supra* (in 2004, case was remanded for district court to construe motion for reconsideration as a motion for district court review of a magistrate's order, even though motion for reconsideration had been filed nearly two years earlier); *In re Marriage of Phelps, supra* (similar).

Accordingly, there is not yet a final order for us to review, *see In re Marriage of Malewicz, supra,* and no such final order shall exist until the district court rules upon father's motion for review.

## II.

Because we lack jurisdiction over this controversy and cannot exercise any appellate jurisdiction until father's motion is ruled upon, it would be improper for us to make any comments upon the merits of that motion. We reject father's invitation to do so.

The appeal is dismissed.

Judge DAILEY and Judge CARPARELLI concur.