In re the MARRIAGE OF Marcia Sue SCHENCK, Appellee,

and

Glenn Anthony Schenck, Appellant.

No. 00CA1467.

Colorado Court of Appeals, Div. V.

Dec. 6, 2001.

No Appearance for Appellee.

Laurinda L. McDonnell, Englewood, CO, for Appellant.

Opinion by Judge KAPELKE.

In this dissolution of marriage proceeding, Glenn Anthony Schenck (father) appeals from the trial court's order denying his motion to clarify permanent orders regarding parenting time and access to educational and medical records. We affirm in part, reverse in part, and remand for further proceedings.

The decree terminating father's marriage to Marcia Sue Schenck (mother) was entered on June 25, 1998. The decree incorporated permanent orders comprised of the parties' oral stipulation, which, as pertinent here, vested sole custody in mother and established a parenting time schedule for father. On October 25, 1999, father filed a motion for clarification of the permanent orders regarding parenting time on holidays and access to the medical and educational records of the parties' minor child.

Following an evidentiary hearing, the trial court denied the motion, finding the terms of the parties' stipulation to be clear except as to those instances where the particular start and end times of certain scheduled parenting time visits were not specified. The court found that, in those instances, the parenting time would commence at 9:00 a.m. and end at 8:00 p.m. The trial court further found that, to the extent father was seeking a modification of the stipulated parenting time, he had failed to provide any basis to support any proposed change. The court also denied father's request for access to the child's rec-ords on the ground of mother's status as sole custodian.

## I.

Father first contends that the trial court abused its discretion in denying his request for access to his child's records simply because he was the noncustodial parent. We agree.

When the parties entered into their stipulation, § 14–10–123.5(7), Colo. Sess. Laws 1983, ch. 178 at 646, provided:

> Notwithstanding any other provision of law to the contrary, access to information pertaining to a minor child, including but not limited to medical, dental, and school records, shall not be denied to the noncustodial parent.

That statutory provision has since been repealed and replaced with § 14–10–123.8, C.R.S.2001, which governs father's motion. It similarly provides:

> Access to information pertaining to a minor child, including but not limited to medical, dental, and school records, shall not be denied to any party allocated parental responsibilities, unless otherwise ordered by the court for good cause shown.

Parental responsibilities include both parenting time and decision-making responsibilities. See § 14–10–124(1.5), C.R.S.2001.

We conclude that these statutory provisions support father's claim of access to the records of the parties' child. The status of sole custody, even at the time these parties stipulated to the custody arrangement for their child, did not automatically preclude father, as the noncustodial parent, from any access to the child's records. See Pamela A. Gordon, *Child Custody: The Right Choice at the Right Price*, 26 Colo. Law. 67 (Aug. 1997). Indeed, mother's role as sole custodian would not have been diminished had she permitted father to participate in decisions concerning the child's upbringing. Sole custody merely provides her with the ultimate ability to resolve disputes as she sees fit. *See In re Marriage of Lampton*, 677 P.2d 352 (Colo.App.1983), *aff'd in part*, 704 P.2d 847 (Colo.1985).

Here, because father has received parenting time, under § 14–10–123.8 he is entitled to have access to his child's records absent a showing of good cause for depriving him of that right. In denying father's request, the trial court made no findings to indicate whether there was good cause for denying access. We therefore reverse the trial court's order denying father's request and remand for reconsideration of that request pursuant to the standard set forth in § 14–10–123.8.

## II.

Father also contends that the trial court abused its discretion in denying his request to modify his summer parenting time. We disagree.

Pursuant to the parties' stipulation, father's summer parenting time was to occur in two blocks of two weeks each. Father requested a change because the child was in elementary school year around, and he wanted to have a one-week block of parenting time after the end of each school period. However, mother testified that she feared that changing from the two two-week blocks to four one-week periods would reduce consistency for the child, increase feelings of instability, and interfere with the school work assigned during the year-round breaks. Mother further expressed her view that the current parenting time schedule met the child's best interests.

The trial court is to determine parenting time and any modification thereof within its discretion, considering the child's best interests. Section 14–10–129(1)(a)(I), C.R.S.2001; *In Interest of D.R.V-A.*, 976 P.2d 881 (Colo.App.1999).

The court's order in that regard will be sufficient if it allows the reviewing court to determine whether the decision is supported by competent evidence. *In re Marriage of Finer*, 920 P.2d 325 (Colo.App.1996).

Here, mother's testimony supported a continuation of the existing parenting time schedule, and the trial court was apparently not persuaded that the proposed change was either necessary or beneficial to the child's current needs. Thus, we may not overturn the court's determination on review. *See In re Marriage of Finer, supra.*

Father also points out that the trial court's order denying the requested modification describes the summer parenting time as "two week blocks," which, in effect, can be read as a reduction in his established parenting time. However, our review of the stipulation and of the trial court's explicit refusal to change the stipulated schedule reflects that the trial court did not intend to reduce father's existing parenting time and that he is to continue exercising his summer visits in two, two-week blocks after providing thirty days notice. If, on remand, the trial court deems it necessary to correct its order to conform precisely with the stipulation, it may do so.

The order is reversed to the extent it denies father's request for access to the child's records, the order is affirmed in all other respects, and the case is remanded for further proceedings in accordance with this opinion.

Judge CASEBOLT and Judge VOGT concur.