In re the MARRIAGE OF Merilyn M. FERRIS, Appellant,

and

Alan G. Ferris, Appellee.

No. 02CA1529.

Colorado Court of Appeals, Div. III.

July 17, 2003.

Catherine C. Burkey, P.C., Nancy Kara, Grand Junction, Colorado, for Appellant.

Kay Snider Coffman, P.C., Kay Snider Coffman, Grand Junction, Colorado, for Appellee.

Opinion by Judge DAILEY.

In this post-dissolution of marriage proceeding between Merilyn M. Ferris (mother) and Alan G. Ferris (father), mother appeals the magistrate's order denying her motion for reconsideration and the district court's order denying the motion for review of the magistrate's orders. We vacate the orders and remand for additional proceedings.

In the 1997 permanent orders, father was awarded sole legal custody of the parties' three children, and mother was granted parenting time and ordered to pay child support. In December 2001, mother filed a verified motion to modify decision-making responsibility, parenting time, and child support, alleging that the children were endangered by father's abuse. She supported the motion with her own affidavit and a drawing by one of the children and "reserve[d] the right to supplement this motion with additional documentation and affidavits regarding the extensive abuse."

Father filed a motion to dismiss, contending that mother's affidavit was insufficient to sustain the motion. On January 14, 2002, the magistrate granted the motion to dismiss for the reasons stated by father.

Ten days later, mother filed a motion for reconsideration of the dismissal. Father responded, inter alia, that there is no provision allowing a motion for reconsideration of a magistrate's order. The magistrate denied the motion for reconsideration for the reasons asserted by father and awarded father attorney fees.

On March 13, 2002, mother filed, pursuant to C.R.M. 7, a motion for district court review of the magistrate's two orders.

The district court determined that the motion for review was not timely filed as to the magistrate's January order of dismissal and therefore concluded it had no jurisdiction to review that order. The court, however, found that the motion for review was timely filed as to the order denying the motion for reconsideration. Concluding, inter alia, that

the proper procedure would have been to file a motion for district court review, rather than a motion for reconsideration by the magistrate, the court denied the motion for review as to the magistrate's second order. Father was again awarded his attorney fees.

I.

Mother contends that her affidavits were sufficient to support the motion to modify, that she should have been allowed to supplement the motion with additional affidavits, that the court should have construed the motion for reconsideration as a C.R.C.P. 60 motion, and that father is not entitled to attorney fees. We do not reach any of these contentions because we conclude that the magistrate never had jurisdiction to enter either of the two orders.

■ Although not raised by the parties, we choose to address the issue of subject matter jurisdiction. *See In re Marriage of Dureno*, 854 P.2d 1352, 1354 (Colo.App.1992)(appellate court may sua sponte consider the district court's lack of subject matter jurisdiction notwithstanding the parties' failure to raise the issue). Prior to deciding the case, we requested and received from the parties simultaneously filed supplemental briefs addressing the issue.

Mother's motion to modify was filed after January 1, 2000, and therefore this case is governed by the current Colorado Rules for Magistrates. *See People ex rel. Garner v. Garner*, 33 P.3d 1239, 1241 (Colo.App. 2001)(date of filing of motion at issue, not date of commencement of case, dictates application of new C.R.M.).

C.R.M. 6(b) states that in family law cases, a district court magistrate may perform any or all of the duties specified in §§ 13–5–301 to 13–5–305, C.R.S.2002. *In re Marriage of Malewicz*, 60 P.3d 772, 774 (Colo.App.2002). Section 13–5–301(3)(e)(V), C.R.S.2002, provides that family law magistrates have the power and authority to conduct hearings under the Uniform Dissolution of Marriage Act (UDMA), § 14–10–101, et seq., C.R.S.2002, regarding "[p]arenting time, and the modification thereof, including motions to restrict parenting time or parental contact, *where the*

*allocation of parental responsibilities is not an issue*" (emphasis added).

Here, mother's motion encompassed the modification of parental responsibilities because, at a minimum, the parties' decision-making responsibilities were at issue. *See In re Marriage of Schenck*, 39 P.3d 1250, 1251 (Colo.App.2001)(under § 14–10–124(1.5), C.R.S.2002, parental responsibilities include both parenting time and decision-making responsibilities). Once decision-making responsibilities were at issue, the magistrate, under § 13–5–301(3)(e)(V), lacked jurisdiction to act on the motion. (We express no opinion as to any ambiguity in § 13–5–301(3)(e)(V), which grants magistrates authority to hear certain parenting time issues, while at the same time prohibits them from hearing issues as to the allocation of parental responsibilities, given that parental responsibilities include parenting time.)

██ We note that § 13–5–301(3)(e)(V.5), C.R.S.2002, provides that family law magistrates may also conduct "[h]earings upon motions" under the UDMA. *See In re Marriage of Phelps*, 74 P.3d 506, ——, 2003 WL 21197284 (Colo.App. No. 02CA0354, May 22, 2003). To the extent that this provision could arguably be construed to encompass the motion to dismiss or the motion to modify here, we reject that analysis. The more specific provision prohibiting magistrates' resolution of issues involving the allocation of parental responsibilities prevails over the general provision allowing magistrates to hear all motions under the UDMA. *See* § 2–4–205, C.R.S.2002; *People v. Frazier*, —— P.3d ——, ——, 2003 WL 1923324 (Colo.App. No. 02CA1585, Apr. 24, 2003)(rule of statutory construction providing that a specific provision prevails over a general applies when statutes conflict irreconcilably).

## II.

We deny Father's request for attorney fees on appeal. *See* C.A.R. 38(d).

The orders of the magistrate and district court are vacated, and the case is remanded for the district court's ruling on mother's motion to modify.

Judge MARQUEZ and Judge ROY concur.