## In re the MARRIAGE OF Christine W. THIEMANN, Appellee,

and

## David A. Thiemann, Appellant.

### No. 93CA0665.

Colorado Court of Appeals, Div. V.

June 30, 1994.

Klauzer and Tremaine, Randall W. Klauzer, J. Richard Tremaine, Claire E. Sollars, Steamboat Springs, for appellee.

Oliphant and Associates, James B.F. Oliphant, Steamboat Springs, for appellant.

Opinion by Judge NEY.

David A. Thiemann (husband) appeals the judgment entered in the dissolution of his marriage to Christine W. Thiemann (wife). We vacate the order of the trial court purporting to approve the magistrate's recommended final order and remand with instructions.

Following trial before a magistrate of the district court, a decree of dissolution was granted to husband and wife. The decree,

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1993 Cum.Supp.).

and thus the order of the court incorporated therein, was signed on February 19, 1993, by both the magistrate and the chief district court judge who thereby indicated her adoption of the magistrate's recommendation.

Fifteen days later, on March 5, 1993, husband filed with the district court a "Motion for Reconsideration, to Amend Judgment, or in the Alternative, for a New Trial." An order in response, signed by the magistrate, was issued on March 24, 1993. On April 5, 1993, the magistrate signed a further order disbursing certain funds.

### A.

As a threshold matter, we reject the contention of husband, first raised upon appeal, that the magistrate was without jurisdiction to hear this dissolution proceeding because husband did not expressly consent as required by C.R.M. 5(a).

■ Husband's reliance upon *People in Interest of Lloyd–Pellman,* 844 P.2d 1309 (Colo.App.1992) is misplaced. There, the mental illness certification made by a county court judge was reversed for lack of subject matter jurisdiction under the statute requiring that such a procedure be tried to a district court judge. In contrast, C.R.M. 6(c)(2) specifically empowers a district court magistrate to "conduct contested permanent orders hearings in domestic relations cases." Thus, here there was subject matter jurisdiction.

■ As to husband's contention that the magistrate lacked personal jurisdiction, we note that husband, personally and by counsel, participated in four hearings before the magistrate. At no time did husband indicate a lack of consent to proceed before the magistrate, either in his testimony or in the pleadings, which acknowledged the authority of the magistrate.

It is fundamental that an objection to personal jurisdiction may be waived by voluntary appearance. *See In re Marriage of Noon,* 735 P.2d 884 (Colo.App.1986). And, the requirements of personal jurisdiction may be waived expressly or by failure to raise the issue explicitly in a timely fashion.

*People in Interest of Clinton,* 762 P.2d 1381 (Colo.1988).

When husband has actively participated in the dissolution proceedings, including the filing of post-trial motions, and has at no time asserted that the magistrate lacked jurisdiction, he may not do so for the first time on appeal.

### B.

■ Husband contends that the trial court erred in its division of marital property. We conclude that this matter is not properly before us.

The review of orders and judgments issued by magistrates is governed by C.R.M. 6(e), which provides in pertinent part:

(1) The chief judge shall designate one or more district judges to review orders and judgments of district court magistrates.

(2) A party ... may obtain review ... by filing a motion to review ... no later than fifteen days subsequent to the date of order or judgment....

....

(4) ... The *reviewing judge* shall adopt, reject or modify the initial order or judgment of the magistrate by written order....

Husband filed a timely motion for review of the magistrate's recommendations by filing his Motion for Reconsideration and to Amend the Judgment within 15 days of the magistrate's recommendation. However, this motion was not acted upon by the district judge. Rather, it was acted upon by the magistrate, and thus, it does not meet the requirement of C.R.M. 6(e)(4). Moreover, it is immaterial that the district court had already approved the magistrate's recommendation.

Consequently, we must remand this matter to the district court for a written order in resolution of husband's motion for reconsideration, which we construe as a petition for review under C.R.M. 6(e)(2) and, as such, timely filed.

The order of the district court approving the magistrate's recommendation is vacated, and the cause is remanded for review by the

district court of the magistrate's recommendation in conformance with C.R.M. 6(e).

ROTHENBERG and SMITH,* JJ., concur.