Sarah Mead STONE, Petitioner–Appellant,

v.

The PEOPLE of the State of Colorado, Respondent–Appellee.

No. 94CA0149.

Colorado Court of Appeals, Div. III.

April 6, 1995.

H. Craig Skinner, Denver, for petitioner-appellant.

David J. Thomas, Dist. Atty., Donna S. Reed, Chief Appellate Deputy Dist. Atty., Golden, for respondent-appellee.

Opinion by Judge PIERCE *.

Petitioner, Sarah M. Stone, appeals the district court's denial of her petition to seal the records of her guilty plea in a 1980 criminal conviction. We dismiss the appeal for lack of jurisdiction.

On September 14, 1993, Stone filed a petition in Jefferson County court requesting an order from the court to seal the records of her 1980 guilty plea. The People objected to

Stone's petition on the grounds that she was not entitled to petition the court to seal her records under § 24–72–308(1)(a), C.R.S. (1988 Repl.Vol. 10B). On October 8, 1993, upon review of the briefs, the district court denied Stone's petition.

On November 29, 1993, Stone filed a motion for reconsideration of the court's order denying her petition to seal her records. The People filed a response, and on December 14, 1993, the district court denied Stone's motion for reconsideration. Stone subsequently filed her notice of appeal with this court on January 28, 1994.

The People contend that this court lacks jurisdiction to hear Stone's appeal because her notice of appeal was untimely filed. We agree.

■ C.A.R. 4(a) requires a party to file its notice of appeal within 45 days of the date of the entry of the order appealed from or within 45 days of the mailing of the order to the parties. When a party timely files a C.R.C.P. 59 motion, the running of the 45 days for the notice of appeal under C.A.R. 4(a) is terminated and does not begin to run anew until either a ruling on the motion within 60 days or when the motion is deemed denied at the end of the 60–day period. C.R.C.P. 59(j) and (k); *see United Bank v. Buchanan,* 836 P.2d 473 (Colo.App.1992).

Under C.R.C.P. 59(a), within 15 days of the entry of the final order, or as such greater time as the court may allow, a party may move for post-trial relief. A motion to reconsider is not specifically delineated in C.R.C.P. 59, and no other rule or statute establishes a party's right to file such a motion, except under the Administrative Procedure Act (APA) and the Colorado Appellate Rules. *See* § 24–4–106(2), C.R.S. (1988 Repl.Vol. 10A) and C.A.R. 40.

We do not condone the prevalent use in trial courts of post-trial motions for reconsideration that are not mentioned in C.R.C.P. 59. The confusion caused to both bench and bar by this procedure is made apparent by the facts of this case. Nevertheless, we rec-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

ognize that our court has, in the past, sometimes treated a post-trial motion to reconsider as a C.R.C.P. 59 motion to alter or amend findings or the judgment of the court. *See Small v. General Motors Corp.,* 694 P.2d 374 (Colo.App.1984).

Here, the district court denied Stone's petition on October 8, 1993, and mailed notice of its decision on that same day. Therefore, the time for filing a C.R.C.P. 59 motion, or a motion for extension of time within which to file a C.R.C.P. 59 motion, expired on October 23, 1993.

Although Stone filed her motion to reconsider on November 29, 1993, 52 days after the court's order, Stone argues that the district court, by its action in considering the motion, implicitly granted Stone additional time within which to file the motion for reconsideration. We disagree.

While C.R.C.P. 59(a) does provide that a post-trial motion may be filed within "such greater time as the court may allow," the district court must indicate upon entry of judgment or its final order, or within 15 days thereafter, that the time period for filing a C.R.C.P. 59 motion has been extended. *In re Marriage of Fleet,* 701 P.2d 1245 (Colo. App.1985). A failure to obtain an extension of time within which to file a C.R.C.P. 59 motion deprives the district court of jurisdiction to hear any motion filed after the 15–day period has expired. *National Account Systems, Inc. v. District Court,* 634 P.2d 48 (Colo.1981).

Here, upon entry of its order, the trial court gave no indication that it would allow more than 15 days to file any further motions, and there is no evidence that Stone obtained an extension of time to file her motion. Thus, although the district court purported to hear Stone's motion and deny it on the merits, it had no jurisdiction to hear the motion and its actions cannot act as an extension of time within which to file a C.R.C.P. 59 motion. *1629 Joint Venture v. Dahlquist,* 820 P.2d 1141 (Colo.App.1991).

Accordingly, we conclude that Stone's untimely filing of her motion for reconsideration did not allow the district court to retain jurisdiction to hear the motion and, there-

fore, did not toll the running of the 45 days for the filing of her notice of appeal. Thus, under C.A.R. 4(a), Stone's right to file a notice of appeal to this court expired in late November. Since she filed her notice of appeal on January 28, 1994, it was untimely, and this court is without jurisdiction to hear the appeal.

The appeal is dismissed.

HUME and TAUBMAN, JJ., concur.