In the Matter of the ESTATE OF Pamela J. JORDAN, Deceased, by Stanley Wayne DODDS, Personal Representative of the Estate of Pamela J. Jordan, Appellant,

v.

ESTATE OF Kermode JORDAN, Deceased, by James GARDNER and Shannon Gardner, Special Co–Administrators of the Estate of Kermode Jordan, Appellee.

No. 93CA2159.

Colorado Court of Appeals,
Div. I.

June 1, 1995.

Rehearing Denied June 29, 1995.

William H. Kirkman, Jr., Colorado Springs, for appellant.

Holland & Hart, Marcy G. Glenn, Stephen G. Masciocchi, Denver, for appellee.

Opinion by Judge CASEBOLT.

In this proceeding to determine the sequence of death of two decedents, Stanley Wayne Dodds, the personal representative of

the Estate of Pamela Jordan, appeals a determination under the Uniform Simultaneous Death Act, § 15–11–613, C.R.S. (1987 Repl. Vol. 6B) that Pamela Jordan and her husband, Kermode Jordan, died simultaneously. We dismiss the appeal.

At the time of their deaths the decedents owned various items of property in joint tenancy. Although both decedents had children by earlier marriages, they had no children from their marriage. The decedents died without wills; consequently, two separate intestate estates were opened, with separate estate fiduciaries and separate counsel.

By consent of the two estate fiduciaries, the probate magistrate was requested to determine the sequence of death of the decedents. After a contested trial, the magistrate determined that decedents had died simultaneously. No review of this determination by the district court judge was requested or obtained.

After the appeal was at issue in this court, we directed the filing of supplemental briefs to determine whether, absent a timely request for review by the district court judge, we have jurisdiction to review the magistrate's determination. We conclude that we lack jurisdiction and, consequently, dismiss the appeal with prejudice.

The powers of magistrates and appellate review of their orders are governed, in the first instance, by the Colorado Rules for Magistrates (C.R.M.). When magistrates are acting in probate matters, their powers are additionally controlled by the Colorado Rules of Probate Procedure (C.R.P.P.).

In civil cases, C.R.M. 6(c) confers upon a district court magistrate, when all parties consent, the authority to conduct trials to the court. C.R.M. 6(d)(11) further allows magistrates acting in civil proceedings to perform any or all of the duties which may be delegated to or performed by a probate magistrate pursuant to C.R.P.P. 34.

C.R.M. 6(e)(5) provides that a party to a proceeding conducted by a district court magistrate is not entitled to appellate review of any order or judgment in that proceeding, unless that party has first filed a motion for review by the district court judge. C.R.M.

6(e)(6) provides that orders or judgments of magistrates in proceedings conducted pursuant to C.R.P.P. 34 shall be subject to the appeal provisions of C.R.P.P. 34(c), rather than the provisions of C.R.M. 6(e).

Under C.R.P.P. 34(c), a person in interest affected by an order entered under that rule *may*, but need not, have the matter reviewed by the district judge, and if no review is sought or obtained, the order is final and is reviewable by this court under C.A.R. 4.

■ Accordingly, we must determine under which of these separate provisions the magistrate here acted. The probate magistrate conducted a trial to the court with the consent of the parties; but, unless the magistrate acted under the authority granted by C.R.P.P. 34, review by the district court judge was required under C.R.M. 6(e)(5) in order for us to have jurisdiction. *See Gordon v. Gray*, 19 Colo. 167, 34 P. 840 (1893) (appellate jurisdiction cannot be conferred by consent).

■ C.R.P.P. 34(a) contains a list of powers and duties which, pursuant to C.R.M. 6(d)(11), may be exercised by the probate magistrate. A determination of the sequence of death is not a specifically listed power. However, C.R.P.P. 34(a)(16) authorizes the entry of orders "similar" to those enumerated upon the stipulation of all interested persons.

The term "similar orders" is not a defined term. However, we construe that term under its plain and ordinary meaning to include "comparable" or "corresponding." *Webster's Third New International Dictionary* 2120 (1986).

We conclude that a determination concerning the sequence of death is not "similar" to the powers specified in C.R.P.P. 34 because each of the listed powers describe ministerial, not judicial, functions. Additionally, the listed powers all concern noncontroverted matters. Hence, in our view, determination of disputed issues of fact by a magistrate in a contested trial to determine sequence of death, as here, is not contemplated by C.R.P.P. 34.

We are confirmed in this conclusion by the fact that C.R.P.P. 34(c) also authorizes clerks or deputy clerks to perform the listed functions. Hence, if such disputed issues of fact were to be resolved by magistrates, they could also be determined by clerks or deputy clerks, a result we determine was not intended by the supreme court.

Accordingly, we conclude that the magistrate here acted under C.R.M. 6, rather than under C.R.P.P. 34; consequently, appellate review is governed by C.R.M. 6(e)(5), not C.R.P.P. 34(c). Because no motion to review was filed with the district judge, appellate review is precluded under C.R.M. 6(e)(5). Hence, we lack jurisdiction. *In re Estate of Burnford,* 746 P.2d 51 (Colo.App.1987).

Accordingly, the appeal is dismissed with prejudice.

METZGER and MARQUEZ, JJ., concur.