In the Matter of the ESTATE OF GELBERG, Protected Person.

Clara K. GELBERG, Protected Person–Appellant,

v.

Ahuva SPRONZ, Conservator–Appellee.

No. 95CA0840.

Colorado Court of Appeals, Div. B.

Oct. 12, 1995.

Kirk Holleyman, P.C., Kirk B. Holleyman; Vitek & Doniger, P.C., Patrick Zakis, Denver, for Protected Person–Appellant.

R.L. Steenrod, Jr., P.C., R.L. Steenrod, Denver, for Conservator–Appellee.

Haines, Tucker & Combs, P.C., Susan G. Haines, Herbert E. Tucker, Denver, Guardian Ad Litem.

Opinion by Judge RULAND.

Clara K. Gelberg, a protected person, filed her notice of appeal from a magistrate's order entered in the Denver Probate Court appointing Ahura Spronz as her conservator. This court dismissed the appeal for lack of jurisdiction because the order had not been reviewed by the probate court. We now deny appellant's petition for rehearing from the order dismissing the appeal.

The appeal was dismissed based upon *In re Estate of Jordan,* 899 P.2d 350 (Colo.App. 1995). In that case, a magistrate acting for the Teller County Probate Court entered an order determining the sequence of death of two decedents. This court held that the order was not subject to appeal because the order had not been reviewed by the district court as required by C.R.M. 6(e)(2) & 6(e)(5).

In her petition for rehearing, appellant first notes that C.R.M. 9 specifically provides for the appointment of Denver Probate Court magistrates and that proceedings before Denver magistrates are governed by C.R.M. 5 as well as certain other rules. However, C.R.M. 9 does not specifically provide that orders entered by those magistrates are subject to review pursuant to C.R.M. 6. Accordingly, she contends that *In re Estate of Jordan, supra,* is not dispositive here because that case involved an appeal from a Teller County probate magistrate. We disagree.

C.R.M. 2 provides:

These rules apply to *all* proceedings conducted by magistrates in district courts, county courts, small claims courts, Denver Juvenile Court and *Denver Probate Court,* as authorized by law, except for proceedings conducted by water referees, as defined in Title 37, Article 92, C.R.S., and proceedings conducted by masters governed by C.R.C.P. 53.

(emphasis added)

Applying the plain meaning rule of construction to C.R.M. 2, we necessarily conclude that the review procedures contained in C.R.M. 6(e)(2) apply to orders of the Denver Probate Court magistrate. To ignore the plain language of the rule would create an anomalous situation for the practicing bar in that orders of the Denver Probate Court magistrates would not require district court review but the orders of all the other probate magistrates would. *See In re Marriage of Spector,* 867 P.2d 181 (Colo.App.1993) (rules

of procedure should not be interpreted so as to reach absurd results).

Contrary to appellant's contention, we do not view as significant the fact that she may not have consented to the authority of the Denver probate magistrate to rule on the appointment. Even if we assume that consent is required pursuant to C.R.M. 5 for the magistrate to rule, we nevertheless conclude that the initial review must be conducted by the district court pursuant to C.R.M. 6(e)(2). *See In re Estate of Jordan, supra.*

The petition for rehearing is denied.

NEY and TAUBMAN, JJ., concur.