In the Matter of the ESTATE OF Erwin Russell HILLEBRANDT, Jr., a/k/a Erwin Russell Hillebrandt, Deceased.

Susan McDonald, Personal Representative of Estate, Petitioner–Appellee,

v.

Patricia Ann Tighe, Beneficiary, Respondent–Appellant.

No. 97CA0267.

Colorado Court of Appeals, Div. I.

April 15, 1999.

Garth J. Nicholls, P.C., Garth J. Nicholls, Colorado Springs, Colorado, for Petitioner–Appellee.

Johnston & Donadio, P.C., H. Kenneth Johnston, II, Bruce James Donadio, Broomfield, Colorado, for Respondent–Appellant.

Opinion by Judge TAUBMAN.

Patricia Ann Tighe (beneficiary) appeals the trial court's judgment denying her motion to review a probate magistrate's order pursuant to C.R.M. 6(e)(2) and dismissing her appeal. We dismiss the appeal with prejudice.

Decedent left a valid last will and testament dated March 20, 1992. He also left two documents post-dating the will, which purported to dispose of certain items of personal property. The documents indicated that some of these items were to be given to beneficiary.

After a trial to determine the intent of decedent with respect to these items of personal property, the magistrate ruled that the documents were memorandums and not holographic codicils to the decedent's will. Thereafter, beneficiary requested a new trial. The motion for new trial was granted, and,

on May 17, 1996, the magistrate reached the same conclusion as in his earlier decision. Thus, the personal property described in the decedent's two documents would not be distributed to beneficiary.

On June 3, 1996, beneficiary filed a Motion for Reconsideration, Amendment of the Findings and Order and Request for Findings of Fact. The magistrate did not respond to beneficiary's motion. On June 17, 1996, the magistrate reduced his bench ruling to a written order.

On August 30, 1996, beneficiary filed a notice of appeal in this court. On October 16, 1996, a division of this court issued an order to show cause why beneficiary's appeal should not be dismissed with prejudice. The order stated that beneficiary's motion to reconsider might not have been a timely filed motion for review, and that it appeared that the court of appeals lacked jurisdiction.

On October 30, 1996, beneficiary filed a motion for review of the magistrate's order in the district court. On November 22, 1996, beneficiary's appeal was dismissed without prejudice.

On December 20, 1996, a hearing on the motion to review was held in the district court. The district court ruled that it did not have jurisdiction to consider the Motion to Review because the motion had not been timely filed pursuant to C.R.M. 6. This appeal followed.

Beneficiary contends that the magistrate committed reversible error when he failed to forward her June 3, 1996, motion for reconsideration to a district court reviewing judge. More specifically, beneficiary contends her motion for reconsideration was a motion for review. Because we do not construe the motion for reconsideration as a motion for review, we perceive no error.

C.R.M. 6(e) governs the procedure by which an order of a magistrate may be reviewed by a district court reviewing judge. The rule states, in pertinent part:

(2) A party to a proceeding conducted by a district court magistrate may obtain review of the magistrate's order or judgment *by filing a motion to review such order or judgment with the reviewing judge* no la-

ter than fifteen days subsequent to the date of the order or judgment. If review is not requested, the findings and recommendations of the magistrate shall become the order or judgment of the district court. (emphasis added)

. . . .

(5) A party to a proceeding conducted by a district court magistrate shall not be entitled to appellate review of any order or judgment entered in that proceeding, unless such party has filed a motion for review of the order or judgment pursuant to Rule 6(e)(2) of these Rules.

■ Our review of the record does not support beneficiary's contention that her motion for reconsideration was actually a motion for review.

The motion was entitled "Motion for Reconsideration, Amendment of the Findings and Order and Request for Findings of Fact," rather than "Motion for Review." Furthermore, beneficiary's motion contains no reference to C.R.M. 6, and makes no request for review by a district court judge.

Rather, the motion requested that the court "reconsider the facts presented before it and amend it's [sic] Findings and Order. . . ." Because the magistrate was the fact-finder, it is evident that the motion was not intended as a motion for review by the district court.

In addition, in her first notice of appeal beneficiary stated that her motion for reconsideration had been denied pursuant to C.R.C.P. 59(j), indicating her belief that the motion was a post-trial motion.

Finally, beneficiary did file a "Motion for Review" on November 12, 1996, in which she requested that the district court "review her post-trial motions and grant her a hearing on the matter pursuant to C.R.M. 6."

Thus, considering these factors, we conclude that beneficiary's motion for reconsideration does not constitute a motion for review under C.R.M. 6(e)(2).

Beneficiary asserts that *In re the Marriage of Thiemann,* 878 P.2d 159 (Colo.App.

1994), requires a different result. We disagree.

There, a dissolution decree and order were signed by both the magistrate and the district court judge. Fifteen days later, the husband filed a motion for reconsideration which was acted upon by the magistrate but not by the district court judge. The appellate court treated the motion as a motion for review, but remanded the matter to the district court for entry of a written order.

Here, the motion for reconsideration was acted upon by neither the magistrate nor the district court. Moreover, as noted, the motion cannot be construed as a motion for review, as was the case in *Thiemann.* Therefore, *Thiemann* is not persuasive.

■ In the alternative, beneficiary claims that the magistrate acted under the authority of C.R.P.P. 34(c) and that the appeal is properly before this court because no review by the district court was necessary. Again, we disagree.

C.R.M. (6)(e) provides:

Orders of magistrates in proceedings conducted pursuant to C.R.P.P. 34 shall be subject to the provisions of C.R.P.P. 34(c) rather than to the provisions of Rule 6(e).

"Under C.R.P.P. 34(c) a person in interest affected by an order entered under that rule may, but need not, have the matter reviewed by the district judge, and if no review is sought or obtained, the order is final and is reviewable by this court under C.A.R. 4." *In re Estate of Jordan,* 899 P.2d 350, 351 (Colo. App.1995).

■ C.R.P.P. 34 contains a list of powers and duties which, pursuant to C.R.M. 6(d)(11), may be exercised by the probate magistrate. Such powers and duties are ministerial in nature, such as appointing fiduciaries, setting hearing dates, and certifying copies of documents filed in the court. However, a determination of the intent of a decedent is not one of those specifically enumerated powers. Moreover, even though C.R.P.P. 34(a)(16) allows for the entry of "similar orders" by a magistrate, a determination of the intent of a decedent is not similar to the other powers enumerated therein, because all of those powers describe ministerial, not judicial, functions.

The determination of the intent of the decedent requires the resolution of issues of disputed fact and, as such, is not contemplated by C.R.P.P. 34. *See In re Estate of Jordan, supra,* (determination of sequence of death not contemplated by C.R.P.P. 34 because it involves determination of disputed issues of fact and, therefore, court lacked jurisdiction because no motion for review was filed with district judge).

Finally, we note that no rule or statute establishes a party's right to file a "motion for reconsideration." *Stone v. People,* 895 P.2d 1154 (Colo.App.1995). More specifically, the rules governing magistrates do not provide for motions for reconsideration of decisions rendered by magistrates. Even if C.R.P.P. 34 could be interpreted to allow a party to file a post-trial motion with the presiding magistrate, a question we need not decide, it is incumbent upon the party filing a motion to make clear whether it is requesting that the case be reviewed by a district court judge. Otherwise, as was the case here, the party may lose its right to appeal.

Accordingly, we conclude that because no timely motion for review was filed with the district court judge, the district court correctly decided it had no jurisdiction to hear beneficiary's untimely October 30, 1996 motion.

For the same reason, this court lacks jurisdiction to consider beneficiary's argument on the merits, and we dismiss the appeal with prejudice.

Judge METZGER and Judge KAPELKE concur.