**In the Matter of the Petition of Darrell A. TAYLOR, Petitioner–Appellee,**

**For the Adoption of M.R.D. and A.J.D., Children,**

**and Concerning Dan DOYLE, Appellant.**

**No. 05CA0466.**

Colorado Court of Appeals. Division III.

March 23, 2006.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

580

Mona S. Goodwin, Denver, Colorado, for Petitioner–Appellee.

Brian DeBauche & Associates, L.L.C., Brian DeBauche, Denver, Colorado, for Appellant.

ROY, J.

In these consolidated appeals, Dan Doyle (father) appeals from the district court's judgment terminating his parent-child legal relationship with his children, A.J.D. and M.R.D., and decreeing their adoption by Darrell A. Taylor (stepfather). We affirm.

Father and the children's mother were divorced by decree in 1998. The mother married stepfather in 2000, and he filed petitions for stepparent adoption of the children in April 2004, one for each child. Stepfather served a copy of the petitions and notices issued by the clerk on father in June 2004.

Father asserts that he appeared at the time designated for the hearing on the petitions, but that the doors to the magistrate's courtroom were locked and that he could not gain access to the hearing. The magistrate terminated his parental rights and entered a final decree of adoption as to each child in favor of stepfather.

Father filed a motion to vacate the magistrate's decrees and to stay the proceedings. As pertinent to these appeals, father asserted that the magistrate lacked personal jurisdiction because no summons was issued and he did not receive proper service of process. He also argued that the magistrate did not

enter a valid order because no copy was mailed to him as required by C.R.C.P. 58(a).

The magistrate summarily denied father's motions following which he filed petitions for judicial review alleging the same grounds for relief. The district court found no jurisdictional defect and allowed stepfather to submit amended returns of service to cure any technical defect. The district court also found that the requirements of procedural due process were satisfied and directed that if stepfather provided the amended returns of service, the decrees of adoption would be affirmed. The record shows that the amended returns of service were subsequently filed with the district court.

Prior to addressing father's contentions, we need to address a jurisdictional issue which was raised but not resolved by the trial court and is not raised on appeal. The magistrate issued her written and signed adoption decrees on July 26, 2004. Father then filed his motion to vacate them on August 11, 2004, which was within fifteen days of the decrees and therefore timely as a motion to vacate or for reconsideration under C.R.C.P. 59, and also as a petition for district court review under C.R.M. 7. The magistrate denied the motions on August 30, 2004, and father filed his petitions for district court review on September 3, 2004, which were untimely as to the magistrate's decree. The magistrate does not have authority to rule on a motion to vacate or for reconsideration and the filing of such a motion does not toll the time within which a petition for district court review must be filed. However, here the motions to vacate are identical in every material respect to, are sufficient to constitute, and are timely as, a petition for district court review. Under these circumstances, the motions to vacate may be treated as petitions for district court review and we will so consider them. *In re Marriage of Roosa*, 89 P.3d 524 (Colo.App.2004). Therefore, the district court had jurisdiction to review the magistrate's adoption decrees, and we have the necessary appellate jurisdiction.

I.

Father first contends that the district court erred in determining that the notices

issued to, and served upon him pursuant to § 19–5–203(1)(d)(II), C.R.S.2005, were sufficient to vest the court with personal jurisdiction over him and asserts that a summons issued pursuant C.R.C.P. 3 is required. We disagree.

C.R.J.P. 1 provides that all proceedings under the Children's Code are civil in nature and, where not governed by the rules or the procedures set forth in the Code, shall be conducted in accordance with the Colorado Rules of Civil Procedure.

Section 19–5–203(1)(d)(II), requires that, upon the filing of a petition for a stepparent adoption, a notice shall be issued by the court directed to the other parent, which states the nature of the relief sought, the names of the stepparent and the child, and the time and place set for hearing on the petition. If the address of the other parent is known, the statute provides that service of the notice shall be accomplished as required by the rules of civil procedure for the service of process. C.R.C.P. 4. Because of the harsh effect of a decree permanently terminating parental rights, there must be strict compliance with § 19–5–203(1)(d)(II). *In re I.R.D.*, 971 P.2d 702 (Colo.App.1998).

The requirement of a summons as set forth in C.R.C.P. 3 is superseded by the specific and complete procedure for stepparent adoptions outlined in § 19–5–203(1)(d)(II). *See U.M. v. Dist. Court*, 631 P.2d 165 (Colo.1981)(where statute in juvenile code completely prescribed the places where the case could be tried, that statute prevailed over any conflicting provisions in the rules of civil procedure).

■ Here, the notices issued by the court clerk complied with the statutory requirements and were sufficient to commence the adoption proceeding. The returns of service further reflect that father received the petitions and notices by personal service in compliance with C.R.C.P. 4(c).

The only defect appears to be the omission of the process server's verified signature. *See* C.R.C.P. 4(h)(2). C.R.C.P. 4(h)(2) controls because, as we have previously noted, when, as here, the statute is silent the civil rules are applicable.

C.R.C.P. 4(j) permits the court, in its discretion, to allow the amendment of the proof of service unless it clearly appears that "material prejudice would result to the substantial rights of the party against whom the process is issued." Because father has acknowledged that he received the notices and petitions, which were served over one month before the hearing, and the alleged defect concerns only the returns of service, we agree with the district court that amendment of the returns of service to bring them into compliance with C.R.C.P. 4(h)(2) would cause no prejudice to father's substantial rights. *See In re Marriage of Thacker*, 701 P.2d 871 (Colo.App.1985)(if service has actually been made, it will not be invalidated merely because return of service contains a technical error, defect, or omission).

Further, we also agree with the district court's analysis that allowing the amendment in this instance, rather than setting aside the decree based on a technical defect, will serve the best interests of the children. *See* § 19–5–214(2), C.R.S.2005 (requiring court to sustain final decree of adoption when attacked on any basis if there is no clear and convincing evidence that the decree is not in the best interests of the child). Accordingly, allowing the filing of amended returns of service did not constitute an abuse of the district court's discretion.

## II.

■ Father next contends that the district court erred in treating his motion to vacate as a motion for post-trial relief under C.R.C.P. 59 and in specifically rejecting his claims regarding the magistrate's locked courtroom on the basis that he did not supply affidavits or verify the motions. Again, we find no error.

In the brief submitted in support of his motion for judicial review, father referred to his motion to vacate as a motion to reconsider. Divisions of this court have previously treated a post-trial motion to reconsider as a C.R.C.P. 59 motion to alter or amend the findings or the judgment of the court. *See Stone v. People*, 895 P.2d 1154 (Colo.App. 1995).

However, regardless of the characterization given to father's motion to vacate, as previously noted, the magistrate lacked jurisdiction to act on it.

A juvenile court magistrate is a hearing officer who acts with limited authority. *In re R.G.B.*, 98 P.3d 958 (Colo.App.2004). In addition to the powers and limitations that define the magistrate's authority under the Colorado Children's Code, juvenile court magistrates are also subject to the Colorado Rules for Magistrates. *In Interest of A.P.H.*, 98 P.3d 955 (Colo.App.2004).

■ The rules governing magistrates do not authorize any post-hearing motion with respect to the magistrate's order except a motion for district court review. *In re Marriage of Roosa, supra; In re Marriage of Tonn,* 53 P.3d 1185 (Colo.App.2002). Neither does the Children's Code. Consequently, the magistrate's order denying father's motion to vacate was void. *See In re Marriage of Phelps,* 74 P.3d 506 (Colo.App.2003)(declaring magistrate's ruling on motion for reconsideration void).

■ However, we conclude that it was proper for the district court on review to invoke the affidavit requirement. Section 19-1-108(5), C.R.S.2005, provides that a magistrate's ruling will be reviewed upon the grounds set forth in C.R.C.P. 59. When a new trial is sought based on any irregularity in the proceedings that deprived a party of a fair trial, a motion under C.R.C.P. 59 must be supported by an affidavit. C.R.C.P. 59(d). The requirement of an affidavit is mandatory, and it gives notice of facts previously unknown to the court that support the motion in question. *Park Stations, Inc. v. Hamilton,* 38 Colo.App. 216, 554 P.2d 311 (1976).

Here, because father's allegation raised circumstances that occurred outside the presence of the magistrate and that are not reflected in the record of the proceedings here, the district court properly declined to afford relief in the absence of a supporting affidavit. *See Park Stations, Inc. v. Hamilton, supra* (if the events forming the basis for the motion for new trial involve those grounds for which an affidavit is required and they involve events occurring outside the presence of the court, the court is not required to act in the absence of such an affidavit). Thus, without additional support, even in the form of father's own verification, the district court properly declined to consider his claim that he was present at the designated hearing time, but could not gain access to the courtroom.

## III.

■ We also reject father's contention that reversible error resulted because the district court did not mail him copies of the termination and adoption decrees.

C.R.C.P. 58(a) requires that a copy of the signed judgment be immediately mailed by the court to each party who has previously appeared, but who is absent when the judgment is signed.

Here, father acknowledges that his attorney obtained copies of the decrees from the court's file on August 11, 2004 and that he has been allowed to pursue judicial review of that judgment. *See Padilla v. D.E. Frey & Co.,* 939 P.2d 475 (Colo.App.1997)(time provided by civil rule for filing of post-trial motion commenced from date that notice of entry of judgment was transmitted to absent party). Consequently, the court's alleged failure to mail copies of the decrees did not cause father any prejudice. *See People in Interest of M.M.,* 726 P.2d 1108 (Colo.1986)(failure to serve copy of motion to terminate parental rights within forty-eight hours after filing such motion did not affect substantial rights of mother and was thus harmless error, where mother and attorney were previously aware of substance of motion as well as the date of termination hearing).

We also note that, despite father's representations to the contrary, the record reflects that the termination and adoption decrees were signed and in writing as required by C.R.C.P. 58(a). *See In re Marriage of Spector,* 867 P.2d 181 (Colo.App.1993)(under C.R.C.P. 58(a), orders and judgments must be signed and in writing when issued by a magistrate).

## IV.

Finally, we hold that father's right to due process was not violated.

Procedural due process requires that a parent in a termination proceeding be given both notice of the proceedings and an opportunity to be heard. *People in Interest of A.E.*, 914 P.2d 534 (Colo.App.1996).

Here, father was given advance notice of the date and time of the hearing, the grounds upon which the petition was based, and a warning that his failure to appear might result in the termination of his parental rights and the adoption of his children. Thus, he was afforded due process, and his failure to appear did not cause a subsequent deprivation. *See People in Interest of L.T.N.*, 510 P.2d 476 (Colo.App.1973)(not published pursuant to C.A.R. 35(f))(mother was not denied due process as a result of her failure to appear for dispositional hearing).

## V.

Although father's appeal has been unsuccessful, we do not consider it frivolous, and, therefore, we deny stepfather's request for attorney fees under C.A.R. 38(d).

The judgment is affirmed.

Judge TAUBMAN and Judge LOEB concur.