## In re the MARRIAGE OF Danny H. COOPRIDER, Appellant,

### and

### Deanna J. Cooprider, n/k/a Deanna J. Paul, Appellee.

### No. 05CA0143.

Colorado Court of Appeals,
Div. III.

May 18, 2006.

Karen S. Renne, Golden, Colorado, for Appellant.

Maguire & Rabun, LLC, Bruce H. Rabun, Greenwood Village, Colorado, for Appellee.

ROY, J.

In this post-dissolution of marriage proceeding, Danny H. Cooprider (father) appeals the district court's order denying, as untimely, his motion for district court review of the magistrate's order modifying child support payable to Deanna J. Cooprider, now known as Deanna J. Paul (mother). We vacate the order and remand for further proceedings.

Father was ordered to pay child support, and in 2003, mother filed a motion to modify the amount. In an order dated August 5, 2004, and mailed the next day, the magistrate granted the motion.

On August 18, 2004, father filed a motion for extension of time "in which to file a Rule 59 Motion for Reconsideration." The district court granted the motion, allowing father to "have until September 1, 2004, in which to file a Motion for Reconsideration pursuant to Rule 59, C.R.C.P."

On September 1, father filed two motions: a motion requesting the magistrate to reconsider his order under C.R.C.P. 59, and a motion requesting the district court to review the magistrate's order pursuant to C.R.M. 7. In the meantime, on August 24, 2004, mother filed a motion requesting the district court to amend or correct portions of the magistrate's order.

In its order dated October 13, 2004, the district court denied all three motions as untimely. Father filed a timely motion to reconsider the latter order, which was denied on December 6, 2004.

As an initial matter, we reject mother's argument on appeal that father's January 20,

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2005.

2005 notice of appeal is untimely. As a division of this court has stated:

> Pursuant to C.A.R. 4(a), a party has forty-five days after the entry of the judgment or order in which to file a notice of appeal. A timely post[-]trial motion, filed in the trial court pursuant to C.R.C.P. 59, [tolls] the time for filing a notice of appeal as to all parties. If such motion is filed, the time for filing the notice of appeal begins to run from the date the district court determines the motion or the date the motion is deemed denied under C.R.C.P. 59(j), whichever is earlier.

*In re Marriage of Buck,* 60 P.3d 788, 789 (Colo.App.2002) (citations omitted). Accordingly, we will consider the merits of father's appeal.

Father contends that the district court erred in ruling, in effect, that the extension of time granted for filing his C.R.C.P. 59 motion did not also extend the time within which he was required to file his C.R.M. 7 motion for review. Thus, he argues that the court erred in denying his motion for review as untimely. We agree.

Because the motions were filed prior to the effective date of the current Colorado Rules for Magistrates, July 1, 2005, the former rules apply. *See People ex rel. Garner v. Garner,* 33 P.3d 1239 (Colo.App.2001)(the date of the filing of motion, not date of commencement of case, dictates the application of a previous version of the magistrate rules).

Here, the magistrate's order fully resolved the issues and was mailed August 6, 2004; therefore, the fifteen-day period for filing a motion for review expired on August 23, 2004, in accordance with C.R.C.P. 6(a). *See* former C.R.M. 7(a)(1) (setting forth the fifteen-day period; recodified and amended as C.R.M. 7(a)(5), effective July 1, 2005, to allow an additional three days for mailing of the magistrate's order); *In re Marriage of Roosa,* 89 P.3d 524 (Colo.App.2004); *In re Marriage of Malewicz,* 60 P.3d 772 (Colo.App. 2002).

Even though the former magistrate rules made no provision for an extension of time for filing a motion for district court review, an extension could be granted under C.R.C.P. 6(b) if the motion requesting the extension was filed within the fifteen-day period for filing the motion for district court review. *See In re Marriage of Talbott,* 43 P.3d 734 (Colo.App.2002); *cf.* C.R.M. 7(a)(6) (now specifically authorizing extensions).

Furthermore, although a motion for district court review is the only motion authorized by the rules governing magistrates, *In re Marriage of Moore,* 107 P.3d 1150 (Colo. App.2005), divisions of this court have concluded that a timely motion for the reconsideration of a magistrate's order, or other post-trial motion, may be deemed a timely motion for district court review. *See In re Taylor,* 134 P.3d 579 (Colo.App.2006); *In re Marriage of Roosa, supra; In re Marriage of Phelps,* 74 P.3d 506 (Colo.App.2003); *In re Marriage of Thiemann,* 878 P.2d 159 (Colo. App.1994).

We recognize that the district court is not bound to construe a motion for reconsideration as a motion for review. Indeed, in one case that is in some ways factually similar to this case, a division of this court found no error when the district court failed to construe a motion for reconsideration as a motion for review. *See In re Estate of Hillebrandt,* 979 P.2d 36 (Colo.App.1999). However, here, the district court construed both mother's motion to amend and father's motion for reconsideration as motions for review. Thus, *Hillebrandt* is not persuasive in this context.

Therefore, we conclude that if a motion for reconsideration may be deemed a motion for review, a motion for extension of time to file the former may also be construed to allow the late filing of the latter. Thus, where, as here, a motion for extension of time to file a motion for reconsideration of the magistrate's order is timely filed and is granted, and the district court treats the motion for reconsideration of the magistrate's order as a motion for district court review, the extension of time granted extends the time for the filing of a motion for district court review.

Even though the district court determined that it could construe both mother's motion to amend and father's motion for reconsideration as motions for review, it then made no

mention of father's motion for extension of time to file a motion for reconsideration, which it had granted. In our view, because the motion for reconsideration was construed as a motion for district court review, the motion for an extension of time for the filing of the motion for reconsideration, which was granted, should likewise be construed as allowing an extension of time for the filing of the motion for review. Thus, the district court erred in concluding that father "did not seek an extension of time to submit a [C.R.M. 7] motion for ... [r]eview."

The order is vacated, and the case is remanded for the district court's ruling on father's motion for review.

Judge TAUBMAN and Judge CRISWELL * concur.