24CA0409 Parental Resp Conc SFC-M

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0409
City and County of Denver District Court No. 21DR30028
Honorable Demetria E. Trujillo, Judge

In re the Parental Responsibilities Concerning SFC-M, a Child,

and Concerning Jennifer Clayton

Appellee,

and

Joel Austin Meaney,

Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE JOHNSON
Fox and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 27, 2024

GPS Legal Solutions, Jennifer Gilbert, Denver, Colorado, for Appellee

Bovo Law Group, LLC, Todd F. Bovo, Denver, Colorado, for Appellant

¶ 1    In this post-decree allocation of parental responsibilities case, Joel Austin Meaney (father) appeals the district court's order that denied his motion for reconsideration of a magistrate's ruling. We affirm.

## I.    Background

¶ 2    Father and Jennifer Clayton (mother) have one child together. In 2020, mother alleged that father was physically and verbally abusive, and, at her request, the county court issued a permanent civil protection order that restricted his contact with her.

¶ 3    Mother then petitioned for an allocation of parental responsibilities concerning their child. The parties agreed to allocate primary parenting time to mother and to allow father to exercise overnight visits every other week. The district court adopted the parties' agreement.

¶ 4    About a year later, mother filed an emergency motion to restrict father's parenting time alleging that his behavior was placing the child in imminent emotional danger. She explained that father had interfered with the child's school attendance, kept the child from mother during her parenting time, engaged in physical altercations with personnel at the child's school, and violated the

protection order. After a hearing, the magistrate granted the motion and restricted father's parenting time, allowing him to exercise one supervised visit for up to four hours every other weekend.

¶ 5    After nine months, father asked the court to reinstate his unsupervised parenting time. The magistrate denied his motion. The magistrate found that retaining the supervised parenting time order was in the child's best interests and that there had not been any substantial and continuing change in father's behavior to warrant lifting the restriction. At the conclusion of the order, the magistrate advised father that

> [p]ursuant to Colorado Rules for Magistrates 7(a)(5), a party may obtain review of a magistrate's final order or judgment by filing a petition to review such final order or judgment with the reviewing judge no later than . . . 21 days from the date the final order or judgment is mailed or otherwise transmitted to the parties.

¶ 6    Fourteen days later, father filed in the district court a motion to extend the deadline for "fil[ing] a motion for reconsideration pursuant to C.R.C.P. 59." The court did not rule on the extension.

¶ 7    Father then filed a "Motion for Reconsideration" of the magistrate's order "[p]ursuant to C.R.C.P. 59(a)." The district court

2

denied the motion. The court explained that the exclusive method for seeking review of a magistrate's order was a petition for review under C.R.M. 7(a)(5). The court concluded that it did not have jurisdiction to rule on father's C.R.C.P. 59 motion, and it declined to construe the motion as a petition for review.

## II.    District Court's Order

¶ 8    Father contends that the district court erred by not construing his C.R.C.P. 59 motion for reconsideration as a C.R.M. 7(a)(5) petition for review. We discern no reversible error.

### A.    Preliminary Issue

¶ 9    Mother argues that father is barred from pursuing his appeal because he did not file a petition for review under C.R.M. 7(a)(5). Even though father may not challenge the magistrate's ruling in the absence of a petition for review under C.R.M. 7(a)(5), *see* C.R.M. 7(a)(11), that does not prevent us from reviewing the court's order on the C.R.C.P. 59 motion for reconsideration. That order fully disposed of the litigation and, therefore, was a final order subject to our appellate review. *See Mulberry Frontage Metro. Dist. v. Sunstate Equip. Co., LLC*, 2023 COA 66, ¶ 14; *In re Marriage of Thorburn*, 2022 COA 80, ¶ 19. We thus have jurisdiction to review whether

the court erred by declining to construe father's motion as a petition for review.

## B. Standard of Review

¶ 10    We review de novo the court's application of the law and its authority to rule on a motion. *See Thorburn*, ¶ 26; *McDonald v. Zions First Nat'l Bank, N.A.*, 2015 COA 29, ¶ 33; *see also In re Estate of Hillebrandt*, 979 P.2d 36, 37-38 (Colo. App. 1999) (concluding that a motion for reconsideration did not constitute a petition for district court review).

## C. Analysis

¶ 11    In a parental responsibilities case, a magistrate may preside over a post-decree parenting time motion without the parties' consent. C.R.M. (6)(b)(1)(B). When the magistrate issues a final order on such a motion, a C.R.M. 7(a)(5) petition is the exclusive manner by which a party may seek review of the magistrate's ruling. *See In re Marriage of Cooprider*, 140 P.3d 312, 313 (Colo. App. 2006); *In re Marriage of Tonn*, 53 P.3d 1185, 1186-87 (Colo. App. 2002). "C.R.M. 5(a) prohibits magistrates from reconsidering their rulings or imposing postjudgment relief." *In re Marriage of*

*Matheny*, 2024 COA 81, ¶ 19; *see also Hillebrandt*, 979 P.2d at 38; *accord In re Taylor*, 134 P.3d 579, 583 (Colo. App. 2006).

¶ 12    A court may deem a motion for reconsideration of a magistrate's order as a petition for district court review. *Cooprider*, 140 P.3d at 313. But the court is under no obligation to do so. *Id.* And we will uphold the court's decision declining to construe the motion as a petition for review when the record demonstrates that the motion was not presented to the court as a petition for district court review. *See Hillebrandt*, 979 P.2d at 37. For example, in *Hillebrandt*, a division of this court upheld a court's decision that declined to construe a motion for reconsideration as a petition for district court review where the motion was entitled a "motion for reconsideration," included no reference to the magistrate's rules, requested a reconsideration of the facts, and did not ask for review by the district court judge. *Id.*; *cf. Taylor*, 134 P.3d at 581 (noting that a court may treat a motion for reconsideration as a petition for review when the motion in question is "identical in every material respect to, [is] sufficient to constitute, and [is] timely as, a petition for district court review").

¶ 13    When the magistrate denied father's motion to reinstate unsupervised parenting time, she advised the parties that if either of them wished to have the decision reviewed, they could file a C.R.M. 7(a)(5) petition for district court review within twenty-one days.  Instead of filing that petition, father, who was represented by an attorney, indicated that he intended to file a C.R.C.P. 59 motion for reconsideration and asked for an extension of time to file that motion, which the court never acted upon.  As part of his requested extension, father noted that "[his] deadline to submit a motion pursuant to C.R.C.P. 59 is January 5, 2024."

¶ 14    When he filed the motion for reconsideration, he neither referenced C.R.M. 7(a)(5) nor sought a form of relief explicitly provided by the magistrate rules.  True, he asked for a new trial, and C.R.M. 7(a)(8) allows the reviewing court to "conduct further proceedings, take additional evidence, or order a trial de novo in the district court."  But he did not explicitly rely on the magistrate rules, which direct the reviewing court to either "adopt, reject, or

modify the initial order or judgment of the magistrate."[1]  C.R.M. 7(a)(10).  Under these circumstances, the court did not err by declining to construe father's motion as a petition for district court review.  *See Hillebrandt*, 979 P.2d at 37.  Father opted to file a C.R.C.P. 59 motion for reconsideration, and the court treated it as such.

¶ 15    Nonetheless, father highlights a note in the register of actions and argues that this note indicated the court understood his motion was a petition for district court review.  But the note merely stated, "MAG REVW 309," and it was added by the magistrate.  Father develops no legal argument explaining why such a note established that his motion was actually a petition for review or how it rendered the court's decision declining to construe the motion as a petition for review improper.  *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 29 (declining to address an undeveloped

---

[1] We acknowledge that father filed his motion for reconsideration on January 12, 2024, which was twenty-one days from the entry of the magistrate's December 22, 2023 order and, thus, would have been timely if he had filed as a petition for review under C.R.M. 7(a)(5). But the record does not indicate father intended the timing of his filing to coincide with the magistrate rules.  Until this appeal, father never acknowledged nor attempted to correct his mistake in filing his motion for reconsideration under C.R.C.P. 59.

argument).  Regardless of the note, though, the record supports the district court's conclusion that father's motion did not constitute a petition for review.  *See Hillebrandt,* 979 P.2d at 37.

## III.    Conclusion

¶ 16    The district court's order is affirmed.

JUDGE FOX and JUDGE SCHOCK concur.